F. R. Weed's Estate.    Appeal of T. R. McGinnis, The Owego Bank et al.

| 163 | 595 |
| f 27 SC | 1422 |

*Costs—Counsel fees—Trusts and trustees.*

Where litigation is instituted by the general or unsecured creditors of an insolvent trust estate to set aside conveyances made, and judgments confessed by the trustee for the purpose of giving a preference to other creditors, and the litigation, which is resisted by the preferred creditors, is successful, the counsel fees of the contesting creditors should be paid out of the trust estate.

*Auditor—Decree—Evidence—Res judicata.*

Where the court has decreed that the trustee of an estate shall pay a certain counsel fee, an auditor subsequently appointed to pass upon the trustee's account, cannot consider evidence offered for the purpose of modifying or setting aside the decree under which the accountant made payment of the counsel fee.

Argued March 12, 1894.    Appeal, No. 407, Jan. T., 1894, by T. R. McGinnis et al., from decree of C. P. Lycoming Co., overruling exceptions to auditor's report. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Exceptions to report of auditor, J. F. Strieby, Esq., on exceptions and distribution in trustee's account.    Before METZGER, P. J.

From the record it appeared that Frederick R. Weed died in 1882, having by will devised his estate in trust to Mills B. Weed, and naming him as his executor.    In 1891 the trustee became insolvent, and made an assignment for benefit of creditors.    Before the assignment he conveyed certain real estate of testator to creditors of the testator, L. Truman & Bros., and confessed a judgment of $75,000 to the depositors in the trustee's banking house, and one of $25,000 to the First National Bank of Owego.

B. F. Young, a general creditor, filed a bill to set aside the conveyance to L. Truman & Bros., and also another bill, joining Woddrop & Welch as plaintiffs, seeking to have the judgments of the First National Bank of Owego, and of the bank depositors, declared to have no preference, and that the assignment for benefit of creditors should be declared void.

In this litigation plaintiffs were successful, final decrees being entered, as prayed for, and both affirmed by the Supreme Court.    See Young v. Weed, 154 Pa. 316, and Woddrop v. Weed, 154 Pa. 307.

Shortly afterwards the trustee, Mills B. Weed, died, after having been dismissed from his trust, and J. C. Hill was appointed in his place.

The new trustee presented a petition praying to be authorized to pay H. C. & S. T. McCormick and H. W. Watson, Esq., counsel fees for services rendered in connection with the litigation to which reference has already been made.

The court made an order directing the trustee to pay the counsel named in the petition $7,500 for their services in the litigation concerning the trust estate, reserving, however, the right to determine in the future whether this amount should be contributed to equally by all the creditors of said trust estate or should be paid by any particular class of creditors of said estate.    The trustee shortly after filed his account, wherein he took credit for the sum of $7,500, paid by him to the counsel named.    Appellants excepted to said credit, and an auditor was appointed.    At one of the hearings before him appellants offered testimony to show:  (1) That the fee was unreasonable

and excessive ; (2) that one of the exceptants never had any notice of the application or order of court for the payment of the fee, until after it was made ; and (3) that the fee should be charged against one class of creditors, and not to the whole fund.   The auditor rejected the offers, and certified his rulings to the court, who sustained the auditor, but enlarged his powers and ordered him to inquire into and determine whether said fee should be contributed equally by all creditors or by any particular class of creditors.

On Jan. 20, 1894, the auditor filed his report, in which he held that said fee should be paid out of the whole fund, and not by any particular class of creditors.

Exceptions to the auditor's report were overruled, and a decree entered confirming the report.

*Errors assigned* were in overruling exceptions to auditor's report, quoting them.

*W. D. Crocker* and *C. La Rue Munson, Addison Candor* and *Rodney A. Mercur* with them, for appellant, cited, on refusal to admit testimony on validity of decree : Art. 5, Amendments, U. S. Const. ; art. 1, § 11, Pa. Const.   On question of allowance of counsel fees :  Wadlinger on Costs, § 119 ; Winton's Ap., 87 Pa. 84 ; Snyder's Ap., 54 Pa. 67 ; Grubb's Ap., 82 Pa. 23 ; Fidelity Ins. Co.'s Ap., 108 Pa. 340 ; Trustees v. Greenough, 105 U. S. 527 ; Hays's Est., 153 Pa. 328 ; Shaffer v. Spangler, 144 Pa. 223 ; 2 Daniels' Ch. Pr. 1437 ; Stanton v. Hatfield, 15 Eng. Ch. 358 ; Sutton v. Doggett, 43 Eng. Ch. 9 ; Goldsmith v. Russell, 54 Eng. Ch. 547.

*John G. Reading, Jr.,* and *John J. Reardon,* for appellee, cited, on question of counsel fees : Freeman v. Shreve, 86 Pa. 135 ; McKelvy's Ap., 108 Pa. 620 ; Johnston's Ap., 153 Pa. 189 ; Trustees v. Greenough, 105 U. S. 527 ; R. R. v. Pettus, 113 U. S. 116 ; Hill on Trustees, *564–7 ; Young v. Weed, 154 Pa. 316 ; Woddrop v. Weed, 154 Pa. 307.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894 :

The learned auditor thought and so held that he was not at liberty to set aside or qualify the order of the court of common

pleas fixing the compensation of counsel for services rendered in the interest of the estate and authorizing the payment of the same by the trustee. He also held that no sufficient reason appeared for relieving the creditors, whose action made necessary the litigation in which the services were rendered, from paying their proportion of the allowance. In these rulings he was sustained by the learned court below and the question on this appeal is whether he erred in making them.

It seems to us that the proposition that an auditor may review and disregard the judgments and decrees of the court that appointed him is somewhat novel and we are not therefore surprised that the learned counsel for the appellants have failed to bring to our notice any authority for it. They have referred us to article 5 of the amendments to the constitution of the United States and to section 3 of article 1 of the constitution of Pennsylvania, but these do not throw light upon or define the powers of the auditor in the case before us. His powers were derived from and measured by his appointment, and we think he evinced a proper understanding and appreciation of them in declining to receive evidence offered for the purpose of modifying or setting aside the decree under which the accountant made the payment excepted to.

The services for which the allowance was made were rendered in a litigation instituted by the general or unsecured creditors to set aside a certain conveyance made and certain judgments confessed by the trustee for the purpose of giving a preference to certain other creditors of the estate. When the attempt was made to prefer some creditors to the exclusion of others having equal rights and equities, the estate and the trustee were insolvent. The creditors for whose benefit the transaction was intended, having knowledge of the purpose of it, accepted the conveyance and judgments and stubbornly resisted the efforts of the unsecured or excluded creditors to have them annulled. For more specific information in regard to the nature and details of the transaction and the circumstances surrounding it, we refer to Woddrop v. Weed and Young v. Weed et al., 154 Pa., pages 307 and 316. It will there be seen that the litigation resulted in a victory for the unsecured creditors which restored to the estate a large amount of property, to be used and applied in accordance with the trust for the benefit

of all the creditors. Why should not the expenses incurred in achieving this result be paid out of the common fund without discrimination between the parties entitled to it? What equity have the parties, who were baffled in their effort to obtain more than their share of the estate, to demand discrimination in their favor? We have failed to discover any. It was their greed for more than they were entitled to under the trust that made the expenses necessary, and it seems to us that under the circumstances they ought not to complain that the burden of paying them is laid on the common fund. It is argued, however, that they were losers by the litigation and therefore they are not within the rule recognized and enforced in Trustee v. Greenough, 105 U. S. 527, and kindred cases. But in what sense were they losers? In the same that he is a loser who fails to acquire what he has no right to, or who, having unlawfully obtained possession of the property of another, is compelled to restore it to the owners. The equity which the wrongdoer has in consequence of such a loss is not easily discoverable. If the allowance in this case was for services in a suit to recover the trust property from a stranger who had unlawfully taken it into his possession, there could be no doubt that equity would require that it should be paid from the trust fund. The fact that the wrongdoers were creditors of the estate ought not to shift the burden from the trust fund to that portion of it which the creditors were entitled to receive on a pro rata distribution of it. In either case the services were for the benefit of the estate and it should pay for them. The specifications of error are overruled.

Decree affirmed and appeal dismissed at the costs of the appellants.