W. H. Mann, R. K. Mann and Paul Moon, doing business as Mann, Moon & Co., *v.* J. A. Wakefield, Trustee, and F. H. Trembly, Thomas Groah and W. G. Richard, doing business as F. H. Trembly & Co, Appellant.

*Assignment for benefit of creditors—Trustee—Act of April 17, 1843.*

An instrument under seal containing a declaration of trust, made by debtors, on account of present inability to pay their debts, with intent to prefer certain creditors over others, is a voluntary assignment for the benefit of creditors, and under the act of April 17, 1843, P. L. 273, enures for the benefit of all creditors; and it is immaterial that no residuary interest was expressly reserved in favor of the assignors, or that the assignment involved the completion of certain contracts. The creditors preferred under such an instrument are not bona fide purchasers for value, but are mere volunteers.

Argued Oct. 30, 1896. Appeal, No. 87, Oct. T., 1896, by J. A. Wakefield, from order of C. P. No. 1, Allegheny Co., March T., 1896, No. 343, making absolute a rule upon him to record an assignment, and file an inventory. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule upon J. A. Wakefield to record a paper alleged to be an assignment for the benefit of creditors, and to file an inventory and enter bond.

From the record it appeared that on June 11, 1895, F. H. Trembly & Co., who were insolvent, executed under seal the following paper:

"Know all men by these presents that we, F. H. Trembly & Co. of the city of Pittsburg, Allegheny county, Pa., in consideration of our indebtedness due and owing to W. G. Watson & Co. and Pack, Gray & Co. of the amount of $6,000, six thousand dollars, have bargained, sold, assigned, transferred and set over unto J. A. Wakefield, trustee for W. G. Watson & Co. and Pack, Gray & Co. of the same place all the contracts, debts, and book accounts as evidenced by the schedule hereto annexed and made part of this bill of sale now due and owing to us by the therein mentioned parties, said indebtedness being for goods

and merchandise sold and delivered to said parties at their
instance and request, together with all our right, title, interest
and claim in of and to the said contracts, debts and any and
every part thereof to the only proper use and behoof of the said
J. A. Wakefield, trustee, his executors, administrators and
assigns, hereby covenanting that the said amounts are justly due
and owing without any counterclaim or set-off whatsoever."

On the same day a judgment was confessed by Trembly &
Co. to Wakefield, as trustee for the same parties, for the sum
of $6,000, being the same indebtedness. Upon this judgment
an execution was issued, and the personal property of the firm
was sold, nearly all of which was purchased by Wakefield.
This writ being subsequent to two other executions, no part of
the proceeds was distributed to Wakefield.

At the time of these transactions Wakefield was attorney for
Watson & Co. and Pack, Gray & Co. It does not appear
whether they authorized the assignment, or had knowledge of
it, or whether the arrangement was made by and between Trem-
bly & Co. and Wakefield, as attorney.

The court held that the paper was a voluntary assignment
for the benefit of creditors within the meaning of the act of
April 17, 1843, and made the rule absolute.

*Error assigned* was above order.

*R. A. Balph*, with him *James Balph*, for appellants.—The
grantee did not simply accept a trust created by the grantor,
but he has bargained for every grant and stipulation in his
favor, and he has carried out these undertakings by completing
the contracts. He is not therefore a mere volunteer in the
acceptance of the assigned estate, but an actual purchaser of it,
and the court will not treat him as a volunteer if it would
endanger any of his purchased rights: Ralston's App., 169 Pa.
254; Fallon's App., 42 Pa. 235; Boyd v. Smith, 128 Pa. 205.

The cases all show that the court will pass the form of the
paper, find the facts, and upon those ascertained facts found its
judgment: Wallace v. Wainright, 87 Pa. 263.

*H. G. Wasson* and *W. K. Jennings*, for appellees.—A transfer
of property, a trustee, a trust and creditors of an insolvent who

are to take under it to the prejudice of other creditors, are the elements which, if present, bring a transaction within the operation of the act: Lucas v. Sunbury & Erie R. R., 32 Pa. 458; Wallace v. Wainwright, 87 Pa. 263; Johnston's App., 103 Pa. 373; Dickson's Est,, 166 Pa. 134; Chaffees v. Risk, 24 Pa. 432.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 4, 1897:

This case has all the elements which go to make a voluntary assignment under the act of 1843. There was a declaration (1) of trust; (2) made by debtors; (3) on account of present inability to pay their debts; (4) with intent to prefer certain creditors over others. It was immaterial, as was suggested by the court below, that no residuary interest was expressly reserved in favor of the assignors; for that was implied in the character of the transaction. The assignment does not purport to have been made in adjustment and satisfaction of the debt. Directness would have been a badge of good faith and prima facie valid; but the creation of a trust raised a suspicion of collusion which the statute turns to the benefit of all the creditors in proportion to their respective demands in accordance with the law relative to voluntary assignments. Disposition of the surplus, if any there be, has therefore nothing whatever to do with the application of the statute.

Nor is it material that the assignment involved the completion of certain contracts. That is an obligation which may result from a regular voluntary assignment; and this statute declares that "such assignments" as that under consideration shall be subject in all respects to the same laws. The creation of a trust implied the performance of the duties incidental to a lawful purpose. A creditor cannot, by the addition of this or that incident, defeat the benign purpose of the statute. The sole test of its application is the creation of a trust by an insolvent with intent to prefer. The completion of certain undertakings was not the consideration of the assignment. The assignors were unable to fulfil their obligations "on account" of "needed funds," and therefore forced to assign. The essential characteristics of this assignment necessarily brought it within the mischief which the statute was intended to correct.

The creditors preferred were not bona fide purchasers for value. They accepted the assignment with notice of its ille-

gality written in its terms. They parted with no right to pursue any other remedies which they had as against their debtors ; and they assumed no obligation save those—if even those—which would have been implied in a voluntary assignment made in the ordinary form. They were emphatically volunteers.

We find nothing in the record that would justify us in sustaining either of the specifications of error.

Decree affirmed and appeal dismissed at appellant's costs.