## ANDERSON & ANDERSON *v.* FIDELITY & DEPOSIT COMPANY OF BALTIMORE *et al.*

1. Where all the assets of a corporation were in the hands of a receiver and services were rendered by an attorney at law not employed by the receiver but employed by the corporation without leave of the court, which services availed nothing either in saving or increasing the assets, such attorney is not entitled to compensation out of the fund in the hands of the receiver.

2. Where a receiver has counsel who appears for him in resistance to a motion to remove him, other counsel, employed by a person other than the receiver to aid in this resistance and aiding accordingly, is not entitled to compensation out of the corporate effects.

Argued March 2,—Decided March 29, 1897.

Application for fees. Before Judge Felton. Bibb superior court. April term, 1896.

*Anderson & Anderson*, for plaintiffs. *Hoke Smith & H. C. Peeples, Washington Dessau, Bacon, Miller & Brunson* and *Hall & Hardeman*, for defendants,

SIMMONS, Chief Justice.

In March, 1891, the Macon Construction Company was placed in the hands of a receiver. This company seems to have owned all the stock in the Georgia, Southern & Florida Railroad Company and in the Macon & Birmingham Railroad Company. These two railroads were also placed in the hands of the same receiver. On the 18th of February, 1892, the board of directors of the Macon Construction Company employed Anderson & Anderson as general counsel to represent the construction company in the pending litigation, but no order of the court was obtained authorizing this employment. In pursuance of this employment, Anderson & Anderson represented the construction company in the litigation. The two railroad companies had issued a large number of bonds, and to secure them had given a mortgage to a certain trust company. The Macon Construction Company claimed that the bonds issued and the mortgages given by the railroad companies were invalid for reasons set out in its pleas, which are not here necessary to mention; and also filed pleas of usury. These pleas were filed by Anderson & Anderson; trial was had thereon in the lower court, and the pleas were not sustained. The case was brought to this court, and the judgment of the lower court was affirmed. Anderson & Anderson also represented the construction company in resisting an effort on the part of the bondholders to discharge Sparks, the receiver, and to substitute another in his place. These services were rendered with the knowledge and consent of the officers of the two railroad companies, one of the officers of the Georgia, Southern & Florida Railroad Co. swearing to the pleas filed in its behalf and in behalf of the Macon Construction Company by Anderson & Anderson. Other services were rendered by these counsel in the course of their employment to the construction company and to the railroad companies. It appears from the evidence, however, that the services of these counsel did not bring a dollar into the fund, nor pre-

vent a dollar from being paid out by the receiver which should not have been paid. After several years of litigation, the court ordered the properties of the two railroad companies sold by commissioners. This was done and the proceeds of the sale brought into court. Anderson & Anderson filed their petition with the court, asking that counsel fees be paid them out of the general fund for services rendered by them in the litigation. The court entertained the petition, heard the evidence, and denied their prayer. They excepted and brought the case here for review.

1. In our opinion the court did not err in refusing to grant fees for the services rendered as above indicated. Treating the employment of these counsel as having been made by the two railroad companies (which the evidence does not authorize), the court was right in refusing to pay the counsel out of the general fund in court. If these railroad companies had in good faith resisted the appointment of a receiver when the appointment of one was first applied for by the creditors and had applied to the court for permission to employ counsel for that purpose, the court would doubtless have granted their request, as it would have been in his discretion whether he would have paid counsel fees or not. It would be a great hardship upon persons or corporations for the courts to seize all of their assets and deprive them of the means of employing counsel when they in good faith resist the appointment of a receiver and deny the necessity therefor, and in such a case we think it would be proper for a court to allow a person, or corporation, counsel to aid in the defense of their rights and, indeed, in the case of a corporation, of its very existence. But where the appointment of the receiver was not resisted but was for more than a year acquiesced in, and counsel were then employed for the purpose of resisting creditors who had honest and bona fide claims against the corporations, and the services of these counsel availed nothing either in saving or in increasing the assets, we think that they were not entitled to any compen-

sation. The companies proved to be insolvent and the debts which these counsel sought to defeat proved to be bona fide and valid; and it would be inequitable and unjust to require the creditors to pay counsel for an attempt to defeat them.

Treating the employment of the counsel as having been made by the Macon Construction Company, as the evidence clearly shows was the case, they would still be entitled to no compensation. The construction company being sole stockholder of the railroad corporations, if it could have defeated the foreclosure of the mortgages and the payment of the bonds, this would redound to its interest alone. We think it would be neither right nor proper to allow one creditor to employ counsel for the purpose of defeating another creditor, and when his effort fails, to charge the expenses of his counsel upon the prevailing creditor. No case we have found has allowed counsel, other than those employed by the receiver with permission of the court, compensation for any services rendered in litigation, unless those services increased the fund to be distributed. If counsel employed by creditors, by their services, bring into court property or funds which the court has not seized, and thereby increase the fund for distribution, it is right and proper to allow them reasonable fees for so doing, but unless their vigilance or skill aids the court in securing a fund which would otherwise not have been secured, they are not entitled to compensation out of the fund, but must look to their own clients for fees.

2. The fact that the counsel employed by the construction company aided counsel for the receiver in resisting the attempt to remove him, does not entitle them to compensation out of the fund belonging to creditors. The receiver himself cannot employ counsel without leave or sanction of the court which appointed him; and certainly such counsel cannot be employed by a creditor without leave or sanction of the court, and his compensation charged upon the general fund in the hands of the receiver.

For further discussion of this question see Beach on Receivers, Alderson's edition, §754, and the cases there cited; also Gluck & Becker on Receivers of Corporations, second edition, p. 355 et seq., and the authorities cited.

*Judgment affirmed. All the Justices concurring.*