W. H. Mann, R. K. Mann and Paul Moon, copartners under the firm name and style of Mann, Moon & Company, *v.* J. A. Wakefield, Trustee, and F. H. Trembly, Thomas Groah and W. G. Reichard, copartners under the firm name and style of F. H. Trembly & Company. Appeal of Mary Youngk.

*Assignment for creditors—Distribution—Preference to material man.*

In the distribution of an assigned estate the claim of a material man for material furnished the assignee and used in the completion of a contract, the completion of which inured to the benefit of the assigned estate, will be preferred to those of general creditors of the assignor.

*Fees of attorney when preferred.*

The proper fees of an attorney become a preferred claim in the distribution of a fund, which his services were instrumental in creating and which inured to the benefit of all.

Argued April 11, 1899. Appeal, No. 70, April T., 1899, by Mary Youngk, from decree of C. P. No. 1, Allegheny Co., March Term, 1896, No. 343, in distribution of funds in the hands of assignee for the benefit of creditors. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by ORLADY, J.

Exceptions to auditor's report. Before the court in banc.

It appears from the record that a preference had been declared

on the general assignment.    See Mann, Moon & Co. v. Wakefield, 179 Pa. 398.

An auditor was appointed to prepare a scheme of distribution from the account of the assignee, and he allowed the claim of the attorney through whose services the preference had been set aside and converted into a general assignment as a preferred claim.    He then awarded the balance to certain attaching creditors whose claims had been purchased by the assignee to the exclusion of thè claim of Mary Youngk who had furnished material to the assignee which enabled him to complete certain contracts of the assignor, and thereby enhanced the value of the assigned estate $661.80.

The court below dismissed the exceptions to the auditor's report.    Mary Youngk appealed.

*Errors assigned* among others were (3) in not entering a decree sustaining the first exception of appellant to the auditor's report, which exception is as follows : "1. The auditor erred in not allowing exceptant's claim for materials furnished to J. A. Wakefield, trustee of Trembly & Company, in pursuance of the contract made by exceptant with said Wakefield, trustee, because it is admitted by all parties in interest that the completion of said contracts inured to the betterment of the assigned estate."    (4) In not entering a decree sustaining the second exception of appellant, which exception is as follows : "2. The auditor erred in preferring the claim of H. G. Wasson, Esq., for counsel fees, and also the claims of the attaching creditors of Trembly & Company to that of exceptant."

*S. B. Donaldson, Matthew J. Donaldson* and *John McB. Donaldson*, for appellant.—The attaching creditors can claim only what the defendant could claim against the garnishee : Act of June 16, 1836, P. L. 755, par. 2, relating to executions.    See also Patten v. Wilson, 34 Pa. 299, and Reed v. Penrose's Executors, 36 Pa. 214, 239.

The assets of the estate are justly represented by the unfinished contracts, not by the finished contracts, nor by the gross sum received from the completion of the same.

It will be further remembered that the attachment proceedings were not proceeded in to judgment against Wakefield,

garnishee.   Wakefield, the garnishee, simply answered the interrogatories, which answers were to the effect substantially, that he had no property in his hands belonging to Trembly & Company, the defendants.   The attachments were good to hold the amount for which judgment could have been recovered against the garnishee, had they been proceeded in that far, and there cannot be any question but that Wakefield in an adverse proceeding against him to secure such judgment could have taken credit for a reasonable amount to be paid appellant, and it is the duty of a garnishee to protect the fund in his hands and preserve the equities of the parties interested therein, and the duty of Wakefield so to do in this case was not changed by the fact that Wakefield, the garnishee, became also Wakefield, the attaching creditor, and thereby his interest as an attaching creditor as against himself as garnishee should not be permitted to operate in such a way as to defeat the just and equitable claim of appellant against the fund for distribution.

*R. B. Ivory*, with him *J. A. Wakefield*, for appellee.—As to the attaching creditors in this proceeding, Mr. Wakefield stands in the simple relation of a garnishee, and the funds found in his hands as garnishee of Trembly & Company, must go to the plaintiffs in the attachments.   It makes no difference how this money got into his hands, and it does not lie in appellant's mouth to dispute the question against the garnishee.   In other words, if the garnishee does not claim a credit for the goods furnished by appellant, and thus overpays the attaching creditors, what difference does it make to her?   It cannot in any degree affect her right, because if she has any rights in the matter they arise out of her contractual relations with appellee, and are in no way connected with the distribution of the funds in his hands as garnishee.

OPINION BY ORLADY, J., July 28, 1899:

Trembly & Company, being insolvent, on June 11, 1895, executed and delivered an instrument under seal which was intended to prefer two of their creditors, and the trustee named therein took possession of the assets of the firm, collected outstanding accounts which were due and owing, and completed certain dwelling houses which were at that time in an unfinished

condition. At the instance of a general creditor of the insolvent firm, proceedings were instituted to have the writing declared an assignment for the benefit of all creditors, which resulted in the Supreme Court (Mann, Moon & Co. v. Wakefield, 179 Pa. 398), deciding that it was a voluntary assignment for the benefit of creditors within the meaning of the Act of April 17, 1843, P. L. 273.

The assignee, without recording the assignment or filing an inventory and bond filed an account in which he admitted having a balance of $1,743.34 for distribution. This balance was subsequently increased before the auditor, who was appointed to hear and decide exceptions, etc., and to make distribution, by the assignee agreeing to a surcharge of $6,051.46. Before the case of Mann, Moon & Co. v. Wakefield, trustee, supra, was decided by the Supreme Court, a number of creditors of Trembly & Company secured judgments and issued writs of execution attachment in which J. A. Wakefield was summoned as a garnishee; these claims were subsequently purchased by him and assignments of them were taken in the name of a third person who acted for him. At the time these claims were bought by Wakefield he had in his hands a large fund produced under the deed of assignment from the assets of Trembly & Company, the same claims being presented before the auditor and for which the accountant claimed that he should receive credit before any appropriation was made to the claims of the other creditors.

At the time of Trembly & Company's assignment to Wakefield they had in process of erection several uncompleted dwelling houses, and, in order to enhance their market value, the assignee contracted with Mary Youngk, a lumber dealer, to furnish finishing lumber, doors and sash which were necessary to complete the houses and to make them salable. The material and supplies were delivered and used in the houses, which were afterwards sold, the proceeds being a part of the fund for distribution.

The auditor awarded to H. G. Wasson, Esq., an amount for counsel fees as a preferred claim, distributed the balance to the execution attachments, and held that the claim of Mary Youngk was not entitled to a preference over the other creditors.

Exceptions to the auditor's report were filed by Mary Youngk which were overruled by the court and the report was confirmed.

She is the sole appellant. The evidence clearly shows that the fund was produced largely, if not entirely, through the professional services of the counsel named. The litigation was tedious and complicated, and was resisted until the entering of a judgment by the Supreme Court. The amount claimed by H. G. Wasson, Esq., was found by the auditor and court to be fair and reasonable. His services were instrumental in creating a fund which inured to the benefit of all, and it was proper that his claim should be paid first: Shaffer v. Spangler & Co., 144 Pa. 223; Hays's Estate, 153 Pa. 328; Weed's Estate, 163 Pa. 595; Schwartz v. Oil Company, 164 Pa. 415.

In disposing of the claim of Mary Youngk it must be borne in mind that it is simply a controversy between her and J. A. Wakefield as assignee of the execution attachments, the fund being in court for distribution between them. He became the assignee of these claims by purchasing them with the trust funds, in which she had an interest, or by buying them at a time when he had the fund in his hands. The materials were ordered by his agent, and to give to him the benefit and advantage of the increased value of the houses by reason of her lumber being in them at the time of the sale would be a harsh application of equitable rules. No other creditor is now objecting to this claim. If, out of the trust funds in his hands, it had been paid in full at the time the material was delivered to the houses he would be entitled to a corresponding credit in his account for the expenditure as a prudent one. The appellee urges that if she has any rights in the matter they arise out of her contractual relations with J. A. Wakefield, and are in no way connected with the distribution of the funds in his hands as garnishee. The argument is specious but not sound, as circuity of action is particularly obnoxious to the law as tending to multiply suits. The amount of her claim is not in dispute and the distribution can be so easily made in a court with equity powers which has full control of the fund, and thus dispose of the whole controversy. It would conserve no good end to relegate her to a vexatious, expensive and uncertain action at law. His purchase of the claims against his assignors was a speculative venture and should not be used to defeat the claim of a creditor with whom he contracted on the faith of the estate in his custody.

The judgment of the court below is reversed, and it is ordered that the claim of Mary Youngk ($605.14 with interest from December 1, 1895) be paid first out of said fund, after payment in full of the claim awarded to H. G. Wasson, Esq. ($1,500), the balance to be distributed in accordance with the schedule made by the auditor, the costs of this appeal to be paid by the appellee.