## Shively, et al. v. Daviess County Bank & Trust Co., et al.

(Decided June 16, 1911.)

### Appeal from Daviess Circuit Court.

1. Attorneys' Fees—Allowance by Chancellor—Certain unsuccessful creditors of a bank that had assigned, who were permitted to represent all other creditors similarly situated and not represented by attorneys of record, succeeded by their attorneys in having turned into the general assigned estate securities of the value of $74,000.00; the attorneys asked an allowance of $5,000.00 for their services and procured the affidavits of several reputable attorneys to the effect that the sum asked was reasonable. No one contested the allowance, but the chancellor fixed their fee at $1,500.00. Held, that it is the duty of the chancellor, even though the fee be not contested to protect the rights of the creditors of the assigned estate; that he is not bound by the evidence as to the value of legal services, but that as no one is in better position to know the value of legal services performed, great weight will be given his judgment, and where only a question of law was involved, an allowance of a fee of $1,500 will not be disturbed on the ground that it was too small.

2. Division of Fee—Where two creditors employed one attorney and two other creditors employed two attorneys, the judgment of the chancellor dividing the fee allowed by him equally among the three attorneys will not be disturbed in the absence of evidence showing a disparity in the amount of work done by each.

J. R. HAYS, LA VEGA CLEMENTS and BEN D. RINGO for appellants.

C. M. FINN for appellee.

Opinion of the Court by William Rogers Clay,
Commissioner—Affirming.

On April 28, 1908, the Daviess County Bank &
Trust Company made a general deed of assignment for
the benefit of its creditors, and E. B. Anderson was ap-
pointed assignee. Thereupon he filed an action in the
Daviess Circuit Court for a settlement of its accounts.
The bank had a large number of depositors, some of
whom held ordinary certificates of deposit, while others
held what were called "mortgage certificates of deposit."
These latter certificates were secured by first mortgage
bonds or lien notes on real estate in Daviess County, Ky.,
On June 1, 1908, Rembold and Smith, two of the credi-
tors of the Daviess County Bank & Trust Company,
filed their petition in the action then pending in the
Daviess Circuit Court for the settlement of the affairs of
the bank and sought to have the court adjudge the owners
and holders of the mortgage certificates of deposit to the
amount of $73,463.33 preferred creditors of said bank.
Shively and Corley, two unsecured creditors of the bank,
filed their answers to the petition of Rembold and Smith,
and the next day Sinnett and Wilson, two other unse-
cured creditors, filed a demurrer to the same petition.
Shively and Corley were represented by B. D. Ringo
and La Vega Clements, and Sinnett and Wilson were
represented by J. R. Hays. Upon the filing of the an-
swer by Shively and Corley, the court entered an order
permitting them to defend for all unsecured creditors
not represented by attorneys of record. The demurrer
interposed by Sinnett and Wilson to the petition of Rem-
bold and Smith was sustained on July 3, 1908.

On August 14, 1908, Edward Franke, for himself and
all other holders of mortgage certificates, filed an inde-
pendent action in the Daviess Circuit Court for the pur-
pose of having that court adjudge the holders of the
mortgage certificates preferred creditors. In this action
Sinnett and Wilson filed their petition asking to be made
parties. They were made parties and were authorized
by order of the court to defend for all the unsecured
creditors not represented by attorneys of record. There-
upon they interposed a general demurrer to the petition.
This action was consolidated with the action of Ander-
son, Assignee v. Daviess County Bank & Trust Company.
The demurrer to the petition was heard and sustained.

On November 9, 1908, Rembold and Smith filed an amended petition, to which Sinnett and Wilson interposed a demurrer. On November 12, 1908, Rembold and Smith filed a second amended petition, to which Sinnett and Wilson demurred. On April 27, 1909, the assignee filed a report to the effect that the holders of the mortgage certificates were entitled to a perference in the distribution of the assets of the bank, and that they had a prior lien on the $74,000 of mortgage and lien notes, which he was of opinion had been pledged to secure the certificates. On April 28, 1909, Sinnett and Wilson filed exceptions to that part of the report, and these exceptions were sustained. Thereafter proof was taken by the holders of the mortgage certificates, and the assignee filed another report to the effect that the holders of said certificates had a preference. To this report exceptions were again filed. On final hearing the court dismissed the petitions of Rembold and Smith and of Franke and others, and they appealed to this court. Here the two cases were orally argued and heard together, and the judgment of the trial court was affirmed. (Burnes, et al. v. Daviess County Bank & Trust Co., 135 Ky., 355.)

Upon the filing of the mandate of this court in the Daviess Circuit Court, Shively and Corley, and Sinnett and Wilson moved the court to make their attorneys, Ben D. Ringo, La Vega Clements and J. R. Hays an allowance of $5,000 as their fee for their services in the action, to be paid out of the funds going to the general creditors of the bank not represented by other attorneys of record. In support of this motion there were filed the affidavits of several reputable attorneys, including opposing counsel, to the effect that a fee of $5,000 was altogether reasonable. The court allowed the attorneys a fee of $1,500, to be equally divided between the three, and took the motion for a fee of $5,000 under advisement. To this action of the court the creditors making the motion for the allowance excepted. Sinnett and Wilson also excepted to so much of the order as directed the fee to be equally divided between the three attorneys. At its December term, 1910, the court made a final order refusing to allow a fee in excess of $1.500, and from that judgment Shively and Corley, and Sinnett and Wilson, and their attorneys, have appealed.

It is earnestly contended by appellants that, inasmuch as through their efforts the sum of $73,463 was

brought into the general fund for distribution, the fee fixed by the trial court is entirely too small. That appellants' attorneys were active and vigilant in representing their clients and the other unsecured creditors, there can be no doubt still, the facts were practically admitted, and there was left for determination simply a question of law. The chancellor is not bound by evidence of the value of legal services rendered in his court. No one is in a better position to determine the value of such services than he. He may, of course, properly defer to the judgment of reputable attorneys as to the size of a fee he should allow in a pending case but, after all, their judgment is not conclusive. It is true, in this case no objection to the fee was interposed; but, it was still the duty of the chancellor to protect those interested in the assigned estate. While $74,000 seems a large sum for the attorneys to have secured for the benefit of the general creditors, it must be remembered that this sum does not represent, accurately, the amount involved; because, had the holders of the mortgage certificates obtained a preference, the amount of the liabilities payable out of the general fund would have been decreased to that extent.

When we consider the case from this standpoint, and from the further standpoint that practically the only question involved was one of law, and that the chancellor knew exactly what services the attorneys performed, we are not inclined to reverse his finding as to the amount. Nor do we see any reason why his finding as to the method of distribution should be disturbed. In a case like this, we think the fee should be divided, not on the basis of the number of attorneys employed by any particular party, but on the basis of the services rendered by each. As to the amount of work done by each attorney, no one is in a better position to know than the chancellor, and in the absence of evidence tending to show a disparity in the amount of the work performed, we see no reason why the fee should not be divided as the chancellor directed.

Judgment affirmed.