STATE OF IOWA ex rel. ATTORNEY-GENERAL, Appellee, v. ASSOCI-
ATED PACKING COMPANY et al., Appellees; W. B.
QUARTON et al., Appellants.

**QUO WARRANTO:** Jurisdiction, Proceedings, and Relief—Attorney
Fees. Attorney fees accruing in an *unsuccessful* attempt to defeat
an action by the attorney-general to dissolve a corporation for fraud
in its organization will not be allowed against the assets of the
dissolved corporation, except, possibly, in very exceptional cir-
cumstances.

*Appeal from Polk District Court.*—EDWARD M. McCALL, Judge.

MAY 8, 1923.

THE opinion sufficiently states the case.—*Affirmed.*

*W. B. Quarton, J. G. Myerly,* and *John L. Gillespie,* for
appellants.

*Thomas J. Guthrie, Charles Hutchinson, S. G. Van Auken,
Bert B. Welty, Ben J. Gibson,* Attorney-general, and *B. J.
Powers,* Assistant Attorney-general, for appellees.

WEAVER, J.—The history of this controversy may be sum-
marized from appellants' abstract, as follows: Horace M. Hav-
ner, then the attorney-general of this state, instituted an action
to dissolve the Associated Packing Company (a corporation),
for fraud and failure to comply with the law governing such
organization. A receiver was appointed, who took over all the
corporate assets. The corporation resisted the demand for its
dissolution, appearing by W. B. Quarton, J. G. Myerly, and John
L. Gillespie, attorneys at law. The litigation so begun and
prosecuted resulted in a final decree, as prayed by the attorney-
general, dissolving the corporation. Pending this proceeding,
said counsel, representing the corporation, or its board of direc-
tors, asked that the corporation be permitted to reorganize, upon
a plan the details of which are not here important. This ap-

plication was refused, and the order of dissolution was made final. Thereupon, the three counsel above named each filed an application for an allowance of fees for his services, to be paid by the receiver from the assets in his hands. The applications were resisted by the plaintiff and the receiver, and were each disallowed. From this ruling the applicants have appealed.

The suit to dissolve the corporation was vigorously contested, and in one form or another occupied the time of the trial court for several months. The presiding judge, a man of ability, experience, and unquestionable fairness, gave it patient and careful consideration, and found that the corporation was organized for the fraudulent purpose of making promotion profits, and without the good-faith intention of entering into the business of operating a packing plant; and that its officers and others associated with them conspired together to defraud the purchasers of stock in the company. The evidence on which this conclusion was reached necessarily constituted a vast volume of testimony, with a very great number of exhibits and documents, which are not before us on this appeal, except in faint outline or bare mention; and we are bound to presume that the decree and findings of the court which heard the case were fully justified. If, as we are bound to assume, the corporation was "conceived in sin and born in iniquity," or (to put it in less classic phrase) was organized and promoted in fraud, for an inequitable end and purpose, it was sufficient to justify the conclusion evidently reached by the trial court that the vigorous resistance to its dissolution and its professed effort at reorganization were inspired and tainted with the same inequitable design. Assuming such to be the case, it would be a strange perversion of equitable principles to allow the promoters to absorb or dissipate the remnant of assets in the receiver's hands, to pay the expenses incurred in opposing its dissolution.

It is probably not necessary that we go to the extent of saying that under no circumstances may the court order payment of fees to counsel for resisting the appointment of a receiver; but we may safely say that, if such order is ever allowable, it must be in exceptional cases, where, as said by the Wisconsin court, the service of counsel is found to have been fruitful, either in the discovery of a new fund or in the saving of an

existing one from depletion. *Speiser v. Merchants' Exch. Bank,* 110 Wis. 506 (86 N. W. 243, 248). See, also, as even more directly in point, *Anderson v. Fidelity & Dep. Co.,* 100 Ga. 739 (28 S. E. 463); *Deputy v. Delmar Lbr. Mfg. Co.,* (Del.) 85 Atl. 669; *Goodyear T. & R. Co. v. United Motor C. & S. Co.,* 89 N. J. Eq. 108 (103 Atl. 471). And in any case, such allowance, having no basis of right in the statute, should be granted, if at all, only as a matter of discretion, in view of the essential equities of the particular case. The court did not err, upon the showing made in this case, in denying the application for allowance of fees to counsel for the dissolved corporation or its officers.

In thus disposing of the appeal, this court neither expressly nor by implication questions the good faith of the counsel asking the allowance. They have acted frankly, and in evident good faith, in representing what they conceived to be the legal rights of their clients, and are in no manner responsible for the wrong inhering in the organization of the company. The order of the court denying the applications for counsel fees is, therefore,—*Affirmed.*

Preston, C. J., Stevens and Arthur, JJ., concur.

De Graff, J., takes no part.