ARTHUR COOK et al., Plaintiffs, v. MCHENRY & SEEMANN et al., Defendants; SIMS & PAGE, Claimants, Appellees; M. L. RUNGE, Receiver, Appellant.

No. 39104.

FEBRUARY 5, 1929.

REHEARING DENIED JUNE 24, 1929.

*L. W. Powers,* for appellant.

*Sims & Page* and *Lee & Robb,* for appellees.

FAVILLE, J.—McHenry & Seemann were a copartnership, consisting of Sears McHenry, George McHenry, and Jennie McHenry Seemann. The partnership owned and operated two private banks, and were stockholders in a national bank. The

said banks closed on December 31, 1924. The assets of the national bank were administered under the treasury department of the government. Shortly after said banks closed, the depositors in said banks elected a committee to represent them, and this committee brought an action in the district court of Crawford County, seeking the appointment of a receiver and the sequestration of the assets of the partnership that were not involved in the national bank. In pursuance of said matter, in due time a receiver was appointed, who qualified and proceeded to take charge of said assets of said partnership. Sometime thereafter, and more than four months after the receiver had been appointed, certain creditors filed a petition in bankruptcy in the Federal court against the members of said partnership. Thereupon the members of the partnership employed the appellees herein as their attorneys to resist the proceedings in bankruptcy. It also appears that the receiver was authorized by the court to appear in said bankruptcy proceedings and resist an adjudication in bankruptcy, and the attorneys for the receiver did appear in said bankruptcy proceedings and resist an adjudication in bankruptcy. It appears that the receiver and his attorneys co-labored with the appellees herein in making said resistance. A large amount of testimony was taken, and much time was spent in investigating, securing testimony, and trying the questions presented in the bankruptcy case. The result was that the Federal court dismissed the petition in bankruptcy. Thereafter, these appellees filed their claim in the receivership matter in the state court, and sought an allowance for their services as attorneys in resisting the bankruptcy proceedings. The receiver filed objections to the allowance of appellees' claim, and a trial was had thereon, and the court allowed said claim, and fixed the amount thereof at a less sum than the amount claimed.

The sole legal question presented for our consideration is whether or not, under said state of facts, the appellees are entitled to have their claim for attorney fees allowed and established against the assets in the hands of the receiver in the state court. It is to be observed at the outset that the receiver, with the approval of the court, employed attorneys who appeared in the bankruptcy proceedings in resistance to the application for an adjudication in bankruptcy. The record disclosed that an attorney fee was allowed said attorneys for the services so rendered.

The appellees were employed solely by the members of the partnership, and appeared in said bankruptcy proceedings for and in behalf of said partnership. Said appellees were not employed by the receiver, and there was no order of court directing their employment in behalf of the receiver.

Appellees invoke the general rule that they rendered services in behalf of the estate under the receivership, by reason of the fact, as contended by them, that their services preserved the estate from being transferred into the Federal court for liquidation in bankruptcy proceedings, and enabled the receiver to administer it. The leading case on this question in this country is *Trustees v. Greenough,* 105 U. S. 527 (26 L. Ed. 1157), wherein the Supreme Court of the United States laid down the general rule as follows:

"It is a general principle that a trust estate must bear the expenses of its administration. It is also established by sufficient authority that, where one of many parties having a common interest in a trust fund at his own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts."

This general rule has been announced by many of the states and applied under a great variety of circumstances. We have recognized it in *Graham v. Dubuque Specialty Mach. Wks.,* 138 Iowa 456.

One of the most familiar situations under which counsel have been allowed attorney fees for services rendered to an estate has been in cases where attorneys for unsecured creditors of an insolvent debtor are successful in having conveyances, liens, preferences, assignments, or other similar transactions set aside and declared void, thus bringing the property of the debtor within the jurisdiction of the court and securing the same for the benefit of the unsecured creditors. Under such circumstances, a fee for the attorney of the creditor who has thus secured the property of the debtor for the benefit of the unsecured creditors is allowed. Examples of the allowance of attorney fees under such circumstances may be found in the following cases and others: *Weed's Estate,* 163 Pa. 595 (30 Atl. 272); *Stoneburner & Richards v.*

*Motley,* 95 Va. 784 (30 S. E. 364); *In re Insolvent Estate of Leiman,* 32 Md. 225 (3 Am. Rep. 132); *Anniston L. & Tr. Co. v. Ward & Co.,* 108 Ala. 85 (18 So. 937); *Shively v. Daviess County Bank & Tr. Co.,* 144 Ky. 299 (137 S. W. 1086).

It also seems to be the established rule that, where one creditor brings an action and secures the appointment of a receiver for the property of the debtor, and all other creditors of the debtor participate in the administration of the estate so placed in the hands of the receiver, the creditor who instituted the action may be allowed an attorney fee for his services in bringing the action and securing the appointment of the receiver. *Davis v. Bay State League,* 158 Mass. 434 (33 N. E. 591); *Stone v. Omaha Fire Ins. Co.,* 61 Neb. 834 (86 N. W. 468); *Electric Light Co. v. Gas Co.,* 99 Tenn. 371 (42 S. W. 19). Other instances might be cited.

The question in the instant case is whether or not, under the circumstances we have disclosed, it can be said that the services of the appellees, which were rendered at the instance of and under employment by the debtors, so preserved and protected the estate then in the hands of the receiver in the state court as to render the appellees entitled to allowance of a fee for their services out of the trust fund so in the hands of the receiver. As we have heretofore shown, the receiver, under the authority of court, employed counsel, who did appear in the bankruptcy proceedings. Said attorneys were allowed compensation for their services so rendered. It is contended that the appellees did the larger part of the work and rendered the more important services in resisting the proceedings in bankruptcy. This may be conceded to be true; but the ultimate question is whether or not, under the circumstances shown, the appellees are entitled now to compensation out of said estate on the theory that, while they were employed as the personal counsel of the debtor in contesting the bankruptcy proceedings, the successful outcome of said proceedings did inure to the benefit of the trust fund in the state court under the receivership, and therefore they should be paid for their services out of said fund. We are of the opinion that the situation presented is an altogether different one from the cases recognizing the general rule that a court may allow attorney fees to one who, at his own expense, has maintained a successful suit for the preservation, protection, or increase of a common

fund or common property. The situation is not analogous to one where, for example, a creditor has successfully set aside a fraudulent conveyance and brought property or funds into court for the benefit of other creditors similarly situated. Nor is it such a situation as is recognized in some of the cases where the appointment of a receiver for the property of the debtor has been to the advantage of all of the creditors, or where a suit has been brought to wind up an insolvent corporation or to enforce the stockholders' liability, or a suit by one bondholder for the benefit of others, or other similar instances wherein attorney fees have been allowed because of the benefit inuring to the trust fund by reason of its preservation or protection. In the instant case, the claimants were not employed by the receiver, but were the personal counsel of the debtors. The services were not rendered to the receiver, except indirectly, in that the successful termination of the bankruptcy proceedings left the property still in the custody of the receiver in the state court. The case is very similar to that of *Ford v. Gilbert*, 44 Ore. 259 (75 Pac. 138). Therein the court held that the services rendered by the attorneys in that cause in resisting the bankruptcy proceedings that had been instituted were personal to the debtor. The court said:

"The bankruptcy proceeding was merely a contest as to the forum in which the insolvent's estate should be administered."

The court said:

"When a fund is brought into court through the service of an attorney, or where his services have added to or preserved or increased the amount being administered, the court of primary jurisdiction may properly allow a reasonable compensation for his services to be paid from the fund; but an attorney who is employed by and represents an insolvent debtor to resist the claims of creditors has no lien on the fund in court for his compensation, nor is he entitled to be paid therefrom."

See, also, *Anderson & Anderson v. Fidelity & Dep. Co.*, 100 Ga. 739 (28 S. E. 463); *Hempstead v. Meadville Theological School*, 286 Pa. St. 493 (134 Atl. 103); *Gund v. Ballard*, 80 Neb. 385 (114 N. W. 420); *Lane v. Hale*, 78 Minn. 421 (81 N. W. 218); *Strong v. Taylor*, 82 Ala. 213 (2 So. 760).

We think the Oregon court states the true rule. The debtors

whose property had been seized in the state court and for which a receiver had been appointed had no authority to subject the funds in the hands of the receiver to legal liability for services rendered at the instance of the debtors and in their behalf. The general rule that allows attorney fees to a *creditor* who preserves an estate or brings it into the custody of the court for the benefit of other creditors does not apply to a *debtor* who, for his own benefit, employs counsel who resist what is, in effect, an application to transfer the administration of the insolvent debtor's property from one forum to another. The record in the instant case discloses that the debtors were insolvent. Their estate was subject to administration. The state court had acquired jurisdiction, and was proceeding to administer it. The debtors could not charge that fund in the state court with counsel fees incurred in their behalf in resistance to a transfer of the fund for administration and distribution among the creditors of the insolvent from one forum to another.

There is no question but that the appellees rendered services in good faith, that the services were efficiently rendered, and that appellees are entitled to fair and reasonable compensation therefor; but such compensation cannot be made out of the trust funds in the hands of the receiver, but appellees must look therefor to the partnership and the individual members thereof who employed them, and for whose benefit the services were rendered. The order of the district court must be reversed on the appellant's appeal, and this *ex necessitate* disposes of the appellees' appeal.—*Reversed.*

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.