Charles H. W. Mandeville ⎫
 vs. ⎬ Eq. No. 9870.
Gilbert F. Brooks et al. ⎭

February 18, 1930.

BAKER, J. Heard on petition of temporary receiver for the allowance of his reports, the permission to pay certain claims and the fixing of fees.

After due consideration the reports of the temporary receiver may be allowed as filed.

In regard to the two small claims, one for $305.23 for rent of certain rooms and the other for $7.05 for rent of a safe deposit box, the Court finds that the said temporary receiver may properly pay said claims from the assets of the estate now in his hands.

The first serious question to be considered relates to the allowance of the claim of Edwards & Angell, amounting to $3,122.95, for legal services and disbursements rendered the estate in receivership just prior to the appointment of the temporary receiver.

In this connection it would appear that the attorneys in question, at the request of a member of the respondent firm, performed certain services between the dates of November 9 and November 18, 1929, the latter date being that upon which the temporary receiver was appointed. No serious question appears to be raised as to the reasonableness of the charge. An examination of the law seems to reveal that where a concern whose solvency is questioned employs counsel in good faith in an attempt to prevent receivership, even though unsuccessfully, it is proper to allow a fee to such counsel payable out of the estate, particularly where the work done has enured to the benefit of the estate and other interested parties.

 *Barnes* vs. *Newcomb*, 89 N. Y. 108;

 *Goodyear Tire & Rubber Co.* vs. *United Motor Car Co.*, (N. J.) 103 Atl. 471;

 *Assets Realization Co.* vs. *Defrees etc.*, 225 Ill. 508;

 *Cook* vs. *McHenry & Seemann* (Ia.) 223 N. W. 377;

 Tardy's Smith on Receivers, Vol. 2, Sec. 639.

The contention is made herein and not seriously disputed that the attorneys in question did certain work which postponed the appointment of the receiver for approximately nine days and particularly during a time when the stock market was at its lowest point.

After careful consideration the Court has come to the conclusion that the services rendered come within the general rules laid down in the above authorities and that it can in its discretion permit the fee in question to be paid from the assets of the estate in receivership. The Court finds, therefor, that the firm of Edwards & Angell is entitled to be paid its bill from the funds now in the hands of the temporary receiver.

The remaining question relates to the fixing of fees for the temporary receiver and his attorneys. That the Court has authority to so act at this time seems clear.

 *Mauran* vs. *Crown Carpet Lining Co.*, 23 R. I. 344.

It has been held that in fixing compensation such as is asked for here, the Court should have in mind, among other circumstances, the amount involved in the transaction, the time spent in doing the work, the difficulties of the questions presented and the result or outcome of the work done. The Court desires that the receiver and his attorneys shall be fairly and reasonably compensated but at the same time it must consider the fact that the estate is still being administered and that it will be necessary later to compensate the permanent receivers and their counsel, and, in addition, the rights of creditors, partners and other interested parties must be kept in mind.

After considerable thought, the Court has decided to fix the fee of the temporary receiver at $13,000 and the fees of his attorneys at the same sum.

For temporary receiver: Ralph M. Greenlaw; Edward G. Fletcher; Greenough, Lyman & Cross.

For petitioners and creditors: Edwards & Angell; Hinchley, Allen, Tillinghast, Phillips & Wheeler; Lee & McCanna; Thomas P. Corcoran; Walter J. Sundlun; Walter Adler; George Hurley; Fergus J. McOsker.

For receivers: Herbert M. Sherwood, Alfred G. Chaffee, Daniel H. Morrissey.