## Stetson's Estate

*Henry Spalding* and *Larzelere & Wright,* for accountant.
*Henry M. Brownback* and *W. W. Montgomery, Jr.,* for claimants.
*Franklin L. Wright* and *Charles Myers,* contra.

HOLLAND, P. J., September 29, 1933.—Henry M. Brownback, Esq., and W. W. Montgomery, Esq., presented a claim for $7,500, counsel fee for their services in representing Real Estate-Land Title & Trust Co., guardian of the remaindermen in the trust, the minor children of John B. Stetson, Jr., and G. Henry Stetson, in opposing the petition filed by the said John B. Stetson, Jr., and G. Henry Stetson, for review of several adjudications of accounts in this estate, for the purpose of having awarded to the petitioners certain stock dividends as

income which had in said adjudications been awarded to the principal of the trust and which amounted to approximately $700,000. Said petition for review was granted by this court, but upon appeal by the claimants, representing the guardian of the minor remaindermen, our decree was reversed and the petition was dismissed, the opinion of the Supreme Court being reported in Stetson's Estate, 305 Pa. 62. The present claim was opposed by G. Henry Stetson, one of the petitioners in the proceeding for review and a life beneficiary of one half of the income of the trust during his life, on the ground that this estate is not liable for the payment for the services and that such payment must be made by the persons in whose behalf the services were rendered. The value of the services claimed for was not disputed. The sole question before us, therefore, is whether this estate is liable for the services for which the fee is claimed.

It has been held that a trust fund is the source from which a counsel fee shall be paid when a guardian employs counsel to protect his ward's estate: Prices's Appeal, 116 Pa. 410. Also where a trustee employs counsel: Kennedy's Estate, 141 Pa. 479; Hays' Estate, 153 Pa. 328; Shaffer, Admr., v. Spangler, 144 Pa. 223; Weed's Estate, 163 Pa. 595. Where one of the heirs employed counsel to protect an estate, counsel was held entitled to compensation out of the entire estate: Francis's Estate, 5 Luz. L. R. Rep. 17; Perkin's Appeal, 108 Pa. 314; Manderson's Appeal, 113 Pa. 631; Trustees v. Greenough, 105 U. S. 527; Crawford's Estate, 307 Pa. 102, 111. In the proceeding for review, the trustee occupied the position of a stakeholder and did not take a position in favor of either side to the controversy. It was therefore necessary for the guardian of the minor to employ counsel to protect the fund for its wards, who were the parties interested as remaindermen as to at least two-thirds of the trust fund. As heretofore stated, the other third is to be awarded in this adjudication to John B. Stetson, Jr., and G. Henry Stetson, under the right given them in the will upon their attaining the age of 35 years to have awarded to them outright one third of the shares from which they received the income. We think that, in justice and equity, the fee claimed should be borne by the fund now before us. It will thus be borne by the persons whom the claimants successfully represented in the litigation, namely, the remaindermen of the trust, the minor children of John B. Stetson, Jr., and G. Henry Stetson. As to the one third of the trust which is now to be awarded to the said two sons of the testator under the exercise of the power given them in the will, we see no compelling reason why that third should not bear its proportionate share of the fee, because at the time the services were rendered that third was, and it still is, to the present moment, a part of the trust; and, while it is true that the litigation was determined adversely to the life beneficiaries, who are also the parties who will now receive that one third outright, nevertheless the litigation was undertaken and successfully prosecuted on behalf, at least incidentally, of all the persons who had interests in the principal of the trust; and it is merely a coincidence that some of those parties happened to be also life beneficiaries of the trust and thereby became adversely affected by the final determination of the litigation.

Therefore, under the facts, and the law as we conceive it to be, the claim is allowed. There is awarded to Henry M. Brownback, and W. W. Montgomery, Esquires, the sum of $7,500 as claimed.

And now, September 29, 1933, this adjudication is confirmed nisi. If no exceptions are filed within 10 days of this date the adjudication is confirmed absolutely according to rule, and counsel for the accountant will forthwith prepare schedule of distribution, the assets of the estate to be reappraised at

values as of the date of distribution, which schedule of distribution will bear the approval in writing of all distributees of principal; and if and when approved by the court said schedule of distribution will be attached to and made part of this adjudication; and it is ordered and decreed that Fidelity-Philadelphia Trust Co., succeeding testamentary trustee as aforesaid, do pay the distributions herein awarded.

From Aaron S. Swartz, Jr., Norristown, Penna.