## Manderson's Appeal.

|113　631|
|116　417|

One who, at the instance of a trustee, having power to employ him, has rendered necessary and beneficial service to the trust estate—in this case an attorney at law defended a trust estate from illegal claims—is entitled to be compensated out of that branch of the trust estate, for the special benefit of which the services were rendered, though the trustee who employed him afterwards proves to be a defaulter, and absconds without paying him.

March 31st, 1886. Before MERCUR, C. J., GORDON, TRUN-KEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

APPEAL from the Orphans' Court of *Philadelphia county:* Of January Term 1886, No. 162.

This was an appeal by William A. Manderson from a decree of said court disallowing his claim of $1,300 for professional services as attorney at law, rendered at the instance of the trustee, necessary and beneficial to said estate.

The following facts appeared before the auditing judge, PENROSE, J.:

Alexander Thackara, surviving executor and trustee under the will of William G. Mintzer, deceased, defended certain litigations in which he was summoned as garnishee, proceedings in sequestration, and proceedings by guardians of the poor. All of these proceedings extended over a period of three years, and resulted in favor of the trust.

In this litigation he was represented by William A. Manderson, the appellant, who never received any compensation for his services or money expended. In September or October, 1883, the said trustee disappeared, and the Guarantee Trust and Safe Deposit Company were appointed in his stead. Upon an examination of the assets of the estate, he was found to be a defaulter to a large amount. On November 24th, 1884, the

account of the Guarantee Trust Company, trustees, was filed, and being called for adjudication in the Orphans' Court, the claim of appellant for services rendered the trustee in the protection and defence of the trust, was presented. Upon the adjudication the auditing judge found the value of the services rendered by appellant, and that they were for the interest of the trust, but refused to allow the claim, filing, *inter alia,* the following opinion :

It would not be proper to allow to Mr. Manderson more than $800 for his services to the trustee, and even this sum, under the circumstances of the case, cannot now be awarded. It will be remembered that while the attachment proceedings were pending, the income belonging to George W. Mintzer accumulated in the hands of the trustee to the amount of about $7,000. Had he filed his account and asked for an allowance for counsel fees out of the moneys so in his hands, such allowance might properly have been made; but he did not so account; he is a defaulter for the amount; and he is therefore entitled to no allowance for costs and charges, in which are included counsel fees: Watson *v.* Bow, 18 Eq. Cas., L. R., 681. The fund now before the court not being in any manner the result of the services rendered by Mr. Manderson, and the present accountant having made no contract with him, it is not easy to see upon what ground he can be permitted to recover. His remedy is against the person employing him, personally. See Neubaker *v.* Alricks, 5 Watts, 183.

It is conceded that the services are not to be compensated out of the principal of the estate; and the income, except, perhaps, to the extent that it accrued while the proceedings were pending, is exempt from liability for the debts or engagements of the *cestui que trust,* by the express provisions of the will. There is no exception in favor of the testator's estate or of the trustee, and the case bears a strong resemblance to that of Overman's Appeal, 7 Norris, 276. The claim is disallowed. To this exceptions were filed, which were overruled, and the adjudication confirmed.

The appellant thereupon took this appeal, assigning the said action of the Court for error.

*John G. Johnson,* for appellant.—No authority can be found in the Pennsylvania decisions justifying the disallowance of the claim of an attorney for professional services rendered to and for the direct benefit of the trust estate, by reason of the trustee being a defaulter.

Whilst a defaulting, negligent or wasteful trustee is entitled to no compensation, and is charged with the expenses of liti-

gation for his own benefit, he is always allowed a credit for proper disbursements.

Where an estate is so situated that legal advice is proper to direct the course of the executors, or where they must bring suits to recover part of the estate, or defend suits brought against them, counsel must be employed; and where they are employed to obtain what is honestly supposed to be the rights of the estate, the estate ought to pay the reasonable counsel fees: Sterrett's Appeal, 2 Pa. St., 426.

An executor is entitled to an allowance of counsel fees paid for the benefit of the estate: Bingham's Est., 1 Leg. Gaz. Rep., 31.

An executor who litigates in good faith a claim against the estate, is entitled to credit for the costs and expenses of the litigation: Ammon's Appeal, 31 Pa. St., 311; Andrews v. Tower, 3 Phila., 111; Oakford's Est., 2 T. & H. Pr., 651.

*John A. Scanlan*, for appellee.—1. The income of a spendthrift trust is not liable for professional services rendered the spendthrift in resisting an execution upon such income: Swanger v. Snyder, 14 M., 218; Overman's Appeal, 7 Norris, 276; Yerke's Appeal, 3 Out., 401.

2. The trustee cannot be allowed from the general estate or general income, to the prejudice of innocent *cestui que trustent*, for such services in resisting an execution against the income of a judgment debtor *cestui que trust:* Mumper's Appeal, 3 W. & S., 441; Rankin's Appeal, 10 W. N. C., 235.

3. The trustee cannot be allowed for such services in view of the fact that he is a defaulter, not only as to a large amount of principal of the general estate, but also to the amount of $7,000 of the spendthrift's income, accumulated in his hands pending the proceedings against the spendthrift, and fled without stating an account.

When Thackara embezzled the fund, he embezzled appellant's counsel fees, and recovery cannot be had from the judgment debtor.

As between trustee and *cestui que trust*, the former could not be allowed the expenditure, without accounting for the accumulated income.

As between the trustee and counsel the presumption is, or at least ought to be, that the services are paid when rendered.

This is necessary in just such cases as this, to protect the *cestui que trust*.

4. Costs cannot be taxed as between "solicitor and client," where the client (trustee) is a defaulter, and never filed an account: Modawell v. Holmes, 40 Ala., 391; Bates v. Vary, Id., 421.

[Manderson's Appeal.]

A practice has grown up of awarding counsel fees directly to the attorney. Yet this does not alter the law that such fees are allowances to the trustee as part of his " costs and charges;" it remains, nevertheless, an item of such costs and charges as is reasonable to allow the trustee for counsel fees. Strictly, the allowance should be to the trustee, and he pays his attorneys : Cook's Estate, 1 Phila. R., 408 ; Mygatt *v.* Wilcox, 1 Lansing, 55 ; Bowman *v.* Tallman, 2 Rob., 385.

Costs are not allowed to a trustee who has misbehaved : Harlan's Estate, 3 P. L. J., 116, citing 3 P. Wms., 347.

Costs are never allowed a trustee who commits a breach of trust: Beames on Costs, Law Library, vol. 22, *153 ; *Ex parte* Cassel and Spayd, 3 Watts, 443 ; Swartzwalter's Accounts, 4 Id., 79 ; Steteman's Appeal, 5 Barr, 413 ; Berryhill's Appeal, 11 Casey, 245.

This rule is universal. Counsel fees are costs.

MR. JUSTICE STERRETT delivered the opinion of the court, October 4th, 1886.

It appears from the finding of the learned auditing judge that the professional services for which compensation is claimed, were rendered by appellant, at the instance of the former trustee, in the due administration of the trust estate, and for the manifest benefit thereof. If the legal proceedings against the estate had not been successfully resisted, a considerable portion of the trust fund would doubtless have been permanently diverted, and improperly appropriated to purposes never contemplated by the donor. In view of the effort made to defeat, in part at least, the trust he was chosen to administer, it was clearly the duty of the trustee to employ counsel and, as incident thereto, to appropriate so much of the trust estate as was necessary to reasonably compensate him for his services. It was the trust estate and not the trustee individually, that was benefited by appellant's well directed and successful services ; and hence it is both reasonable and just that they should be paid out of the trust fund. As a necessary part of the expenses of properly administering the trust, the services in question should be compensated by that branch of the trust estate for the special benefit of which they were rendered.

Ordinarily, counsel fees and other expenses necessarily incurred in the administration of trust estates, are advanced by the trustee, who afterwards takes credit therefor in the settlement of his account; but, it sometimes happens that trustees are removed by death or otherwise, without having first settled all claims for expenses of administration. There may be unsettled claims of mechanics for necessary repairs of the trust property, or, as in this case, claims for professional services

[Penn Iron Co. Limited, v. Diller.]

necessary for the protection of the trust itself. It surely cannot be successfully contended that meritorious creditors of the trust, thus circumstanced, are without redress. In his opinion, the learned judge says, if the trustee had "filed his account and asked for allowance for counsel fees out of the money so in his hands, such allowance might properly have been made; but he did not so account; he is a defaulter, and he is therefore entitled to no allowance for costs and charges in which are included counsel fees." In a controversy between the trust estate and the defaulting trustee, or any one claiming in his right, there would be great force in this position; but, there is no reason why the absconding trustee's sins, either of omission or commission, should be visited on a creditor of any class, who, at the instance of the trustee having authority to employ him, has rendered necessary and beneficial services to the trust, and has not yet been compensated therefor.

It also appears in the findings of fact, that the services in question were reasonably worth $800, and that there is in the hands of the present trustee, income of the trust, payable to George W. Mintzer, one of the *cestuis que trustent* who was specially benefited by the services, more than sufficient to pay the amount so found. In view of these and other facts found by the learned auditing judge, we think the sum named with interest from date of adjudication should be allowed out of that portion of the income payable to said *cestui que trust*.

Decree reversed at costs of appellees, and record remitted with instructions to allow appellant's claim to the extent of $800, with interest from date of adjudication, out of income payable according to terms of the trust, to George W. Mintzer.