## Krodel's Assigned Estate (No. 2).

*Assignment for creditors—Counsel fees—Increase of fund.*

Where an assignor for creditors has been permitted by the assignee to continue the business at a loss, and also has been permitted after the assignment to buy up claims against the assigned estate, and has resisted all efforts to surcharge the assignee, counsel for the minority creditors by whose efforts the fund for distribution has been quadrupled through surcharges against the assignee, will be awarded compensation out of the fund notwithstanding the objection of the assignor as a creditor.

Argued Nov. 15, 1904.   Appeal, No. 118, Oct. T., 1904, by Emma F. Krodel, from order of C. P. Lancaster Co., sustaining exceptions to auditor's report in re Assigned Estate of P. A.

422    KRODEL'S ASSIGNED ESTATE (NO. 2).

Statement of Facts—Opinion of the Court. [27 Pa. Superior Ct.

Krodel and wife.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Exceptions to report of William P. Harnish, Esq., auditor. The facts appear by the opinion of the Superior Court.

*Errors assigned* were in sustaining exceptions to auditor's report.

*B. F. Davis*, for appellants.

*W. C. Douglas, Jr.*, and *W. H. Keller* of *Coyle & Keller*, with them *A. C. Bruner*, for appellees.

OPINION BY ORLADY, J., March 14, 1905 :

The appellant in this case is the wife of P. A. Krodel, with whom she joined in executing a general deed of assignment for the benefit of creditors.    The facts are the same as in Fager's Appeal (Krodel's Estate No. 1), decided in an opinion filed this day.    She appeals as a creditor of the assigned estate, and her objection to the distribution made by the court below is to the allowance of fees to counsel for minority creditors who excepted to the assignees' account to test the validity of claims presented for payment, and resulted in developing the unusual state of facts recited in the appeal by the assignees.    Her creditor claim is as a trustee for unnamed beneficiaries, to an amount nearly twice as large as the value of the personal property, and as an assignee of a number of claims aggregating a like proportion of amounts which were secured by her after the date of the assignment.    The result of the contest instituted by these attorneys was to increase the fund for distribution from $233.14 to $1,119.85.    The assignors and assignees combined to delay the settlement of the estate, and their management of it was so contrary to law that the assignees have been held liable for the whole of its appraised value.    The professional services rendered in bringing to light the mismanagement of the trust under the direction of this appellant resulted in producing a substantial fund, and without such intervention, there would not have been any fund for distribution.    As was said in Weed's Estate, 163 Pa. 595, why should not the ex-

penses incurred in achieving this result be paid out of the
common fund without discrimination between the parties en-
titled to it?   What equity have the parties, baffled in their ef-
fort to obtain more than their share of the estate, to demand
discrimination in their favor?

Ordinarily the suitor alone should be liable for counsel fees
for services directed by him or in his interest, and it is excep-
tional for the courts to direct that such fees should come from
any other source.   We are here dealing with an assigned estate
in which not only the assets but the management of the trust
estate are peculiarly within the control of the court, and the
right of a creditor to insist upon a full disclosure by the as-
signee is unquestioned.   When the interests of general creditors
are conserved by an investigation conducted in good faith,
even though the special client gains by the contest, and the
court below vouches by its decree for the integrity of the con-
duct of counsel, as well as the propriety of the contest, a rea-
sonable allowance for counsel fees will be sustained, particularly
so as against an exceptant whose conduct created the necessity
for the investigation.   In this case no other creditor makes
complaint and the decree is affirmed.