## Harrison's Estate.

*Decedents' estates—Counsel fees to exceptants—Executors and adminis-trators.*

It is only in very exceptional cases that an exceptant to the account of an executor, administrator or trustee in the orphans' court will be allowed counsel fees out of the fund. The rule in such cases is that the exceptant must pay his own counsel fee.

Where the fund is in the hands of the court and in no jeopardy, except from a possible mistake of the court in dealing with it, and an exceptant is merely protecting his own interest, he will not be allowed counsel fees, although through his efforts others may also be benefited.

Argued March 24, 1908. Appeal, No. 387, Jan. T., 1907, by Clara A. Durant, from decree of O. C. Phila. Co., sustain-ing exceptions to adjudication in Estate of Joseph Harrison, Jr., deceased. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exception to adjudication.

From the record it appeared that the auditing judge, ASH-MAN, J., allowed Clara E. Durant, an exceptant, $6,000 for counsel fee

The claim was based on services to the estate in objecting to the allowance of excessive commissions, and the payment of certain taxes and broker's charges. The exceptions were sustained in an opinion by LAMORELLE, J.

*Errors assigned* were in sustaining exceptions to adjudica-tion.

*M. Hampton Todd*, for appellant.—The other beneficiaries to the estate cannot successfully object to a reasonable allow-ance being made out of the estate for benefits conferred upon that estate, by restoring funds to it which had been improp-erly taken from it : Manderson's App., 113 Pa. 631 ; Neill's Est., 19 W. N. C. 380.

*Charles Biddle*, of *Biddle, Paul, Miller & Jayne*, for ap-pellee.—Counsel who object, or file exceptions to claims pre-sented before an auditing judge, cannot be said to have either

created a fund or saved a fund that was in jeopardy, and in such cases only, will the court order the expenses and fees of counsel to be paid out of the fund : Neill's Est., 19 W. N. C. 380 ; Manderson's App., 113 Pa. 631 ; Kennedy's Est., 141 Pa. 479 ; Com. v. Order of Solon, 193 Pa. 240 ; Sunderland's Est., 203 Pa. 155.

OPINION BY MR. JUSTICE POTTER, May 25, 1908 :

Our consideration of the facts upon which this appeal is based leads us to agree with the view taken by the orphans' court; and that is, that this case is not properly to be classed with Kennedy's Estate, 141 Pa. 479, where an allowance for counsel fees was made to an exceptant out of the fund. In that case the allowance was only approved upon the peculiar facts stated in the opinion of the court below. And warning was expressly given that the action " must not be drawn into a precedent for the broad doctrine that, where exceptions are filed to the account of an executor, administrator or trustee, in the orphans' court, the exceptant is entitled to an allowance for counsel fees out of the fund. The rule in such case is that the exceptant must pay his own counsel." We regard this as a most salutary rule, and not to be entrenched upon or impaired in any way. To do so would be to open the door to great abuses. This is pointed out in the opinion of Justice DEAN, in Com. v. Order of Solon, 193 Pa. 240, where he elaborates the principle involved, and points out the distinction between securing or raising a fund—the actually bringing it into existence, and the mere dealing with a fund which is at the time safely in the custody of the court. He says (p. 242) : " It is conceded that the distribution of a fund in the hands of a receiver or other trustee is to be governed by equitable principles; and where the attorney of one of several parties, all equally interested, secures a fund which would otherwise have been embezzled or lost, and all share equally in the distribution, it is but equitable that all should share in the expense which produced the fund, although but one moved in the matter. But there is no such case here. ... It is urged that Mr. Quincy, from his argument and some evidence produced by him, induced the auditors to reject many thousand dollars of spurious claims on the fund, and thereby

all holders of certificates, whether purchased by or originally issued to them, were benefited. Admit it; but he did only what he was bound to do under his professional obligation to his own clients; if he had done less, he would have failed in duty to them; in this particular he owed no duty to other claimants and performed none to them, although an incidental benefit may have resulted to them from the performance of a duty to his own clients. This, however, gives him no claim on them for contribution to his compensation. Suppose, as there might easily have been from the large number of claimants, thirty lawyers representing thirty separate claims, and fifty unrepresented certificate holders before the auditors, and every lawyer had urged successfully a point which induced the rejection of some unfounded claim, then compensation to each, at the rate here allowed, would have swept away the whole fund. That this claim being only for one lawyer, in no degree under the facts raises an equity in his favor. It would have been otherwise if the fund in the beginning had been raised or saved by him as counsel for his particular clients."

We are unable in any way to distinguish the present case in principle from that just cited. The fund was in the hands of the court, and in no jeopardy except from possible mistake of the court in dealing with it; and in that event nothing more was required for the correction of the error than the filing and argument of proper exceptions in the court below, and, if necessary, following the matter to the appellate court. There is no evidence that anything out of the ordinary routine of legal procedure was required. The appellant was protecting her own interest, and although it may be that by means of her efforts others were benefited also, yet we know of no rule of law which will entitle her to be reimbursed for payment of counsel fees expended by her in order to protect her own interest. The services she rendered to the common interest were voluntary, and however beneficial they may have been, no legal charge for them can be sustained, in the absence of a contract of employment, either expressly made or superimposed as a matter of law or equity upon the facts.

The assignments of error are overruled.

The decree of the orphans' court is affirmed, and this appeal is dismissed at the cost of appellant.