# Commonwealth *v.* City Trust, Safe Deposit & Surety Company.

*Attorney at law—Fees—Receivers.*

Where an attorney for some of the creditors of an insolvent corporation files exceptions to the report of auditors on the receiver's account, and succeeds in reducing by a large amount the fees which the auditors allowed to themselves and the receiver, such attorney is not entitled to any fee out of the fund, although his efforts on behalf of his own clients have enured to the benefit of all of the other creditors.

Argued Dec. 18, 1908. Appeal, No. 56, Oct. T., 1908, by Maurice Bower Saul and Walter Biddle Saul, from order of C. P. No. 5, Phila. Co., June T., 1905, No. 2,040, sustaining exceptions to auditor's report in case of Commonwealth ex rel. Hampton L. Carson, Attorney General, v. The City Trust, Safe Deposit and Surety Company of Philadelphia. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to auditor's report.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in sustaining exceptions to auditor's report.

*John G. Johnson,* for appellants.—Any attempt to reduce the fees, made subsequent to the confirmation of the report, either in the court of common pleas or the Supreme Court, would have been futile under the decisions: Potter v. Langstrath, 151 Pa. 216.

Courts of equity have power to charge funds realized from, or preserved by litigation, with the costs and expenses of such litigation, but to authorize the exercise of this power the litigation in which the costs and expenses were incurred must have been in promotion of the interests of those eventually found to be entitled to the fund: Schwartz v. Oil Co., 164 Pa. 415; Weed's Est., 163 Pa. 600; Mann v. Wakefield, 11 Pa. Superior Ct. 18.

*John Kent Kane,* with him *Murdock Kendrick* and *Staake & Patton,* for appellee.—The case falls within the ruling of the Supreme Court in the case of Com. v. Order of Solon, 193 Pa. 240, and Harrison's Est., 221 Pa. 508.

OPINION BY ORLADY, J., February 26, 1909:

As stated by the appellant, the question presented by this appeal is whether a fund in the hands of a receiver for distribution, should be charged with counsel fees for services rendered in saving for distribution to the general creditors, a sum of over $23,000, under the following facts.

The receiver of the City Trust Safe Deposit and Surety Company of Philadelphia, filed a first account showing for distribution $683,000. Auditors were appointed to distribute this fund, and claims were proven before the auditors, which amounted to $1,464,000. The auditors awarded to the receiver as compensation, the sum of $38,454.15, and to themselves the sum of $20,000.

There were filed by the appellants, who represented a number of creditors, a number of exceptions and to various conclusions of the auditors; among others, the amount allowed by the auditors to the receiver and his counsel, and their allowance to the auditors. The court dismissed all of the exceptions except those relating to the question of charges, and fixed the compensation of the receiver at $25,000, and allowed the auditors $10,000 for their services. From this decision, an appeal was taken to the Supreme Court, by the present appellants, but was not pressed for argument, and was non-prossed.

When the second account was filed, it was referred to the

auditors, and a claim for $1,000 was presented by the present appellants, for professional services rendered by them in affecting a reduction of the fees and charges as claimed by the receiver and the auditors, which claim after hearing, was awarded to them; whereupon, the counsel on behalf of the receiver, except to this award, and these exceptions were sustained by the court of common pleas, which held as follows: The claim now made is, that the exception filed by counsel, on behalf of their clients, prevented the expenditure of a portion of the fund in the hands of the receiver, that might have been paid by him, had the report of the auditors been confirmed by the court. We do not regard the circumstances as warranting the allowance of this fee, and the two exceptions relating to this claim are therefore sustained.

It is contended that under the rules of the court of common pleas of the county of Philadelphia, rule 9, secs. 5, 6 and 7, if no exceptions had been filed to the auditors' report, it would have been confirmed absolutely, without being passed upon in any manner by the court. This does not necessarily follow. The report under consideration was that of auditors appointed by the court to examine the account and the disbursements of a receiver whose account was especially subject to the supervision of a court of equity, and it is urged that to refuse compensation to an attorney in a case of this character, would be encouraging the all too common practice of depleting funds in the custody of the court for distribution, by excessive charges, by making it financially better for a creditor to accept his or her share of the loss from the excessive fees, rather than to attempt to have them reduced by making the contest. Conceding the press of business that is before the courts, it must still be expected of any court in the review of an auditor's report, when all the facts are presented in an intelligible form, that it will make a full examination into the question of the reasonableness or fairness of the fees charged by the court's appointees, and will require special proof of extraordinary charges.

The question in this case was fairly brought to the attention of the court by the report of the auditors as follows: "The claimants are members of the bar, representing certain creditors

who filed exceptions to the report of the auditors, under the first account. There were three sets of exceptions filed by the claimants, covering several findings of the auditors. The fees charged relate only to one set of exceptions, which set of exceptions was prepared by another attorney and this set of exceptions related to the fees charged by the receiver, the attorneys for the receiver and the auditors. The work of counsel consisted of looking over the filing and argument of these exceptions in court. The sum of $23,000 was not created by the claimants, because the receiver had not paid out that sum, or any part of it, and therefore at most, it was only retained for the estate. Under the decisions, there seems to be no question but that the claimants are entitled to a reasonable counsel fee. Three prominent members of the bar, Frank P. Prichard, Esq., Frank R. Shattuck, Esq., and E. O. Michener, Eq., all testify that $1,000 was a reasonable fee. The auditors, therefore, allow the claimants, Morris Bower Saul and Walter Biddle Saul, the sum of $1,000 as a counsel fee."

The authorities on which the auditors rely were given and the testimony was reported in full, so that the whole question was before the court for review, whether or not a formal exception under the rule of court had been filed to the allowance of these claims. Where an attorney secures a fund, which would otherwise have been lost, it would be both just and equitable that the counsel recovering the fund should receive compensation, but in this case, there was no allegation of malfeasance on the part of the receiver or the auditors, nor was any fund recovered by reason of the services of the appellants. We feel that the case was properly decided in the court below, under authority of Commonwealth v. Order of Solon, 193 Pa. 240, in which case all that could be urged in support of the appellants' contention is conceded, but in the language of Mr. Justice DEAN, "Admit it; but he did only what he was bound to do, under his professional obligation to his own clients; if he had done less, he would have failed in duty to them; in this particular, he owed no duty to other claimants and performed none to them, although incidental benefit may have resulted to them, from performance of a duty to his own clients. This, however,

gives him no claim on them for contribution to his compensation," and as stated by Mr. Justice POTTER, in Harrison's Estate, 221 Pa. 508: "The fund was in the hands of the court, and in no jeopardy except from possible mistake of the court in dealing with it; and in that event, nothing more was required for the correction of the error than the filing and argument of proper exceptions in the court below, and if necessary, following the matter to the appellate court. There is no evidence that anything out of the ordinary routine of legal procedure was required. The appellant was protecting her own interests, and it may be that by means of her efforts, others were benefited also, yet we know of no rule of law that would entitle her to be reimbursed for payment of counsel fees expended by her in order to protect her own interests. The services she rendered to the common interest were voluntary, and however beneficial they may have been, no legal charge for them can be sustained, in the absence of a contract of employment, either supplying money, or superimposed as a matter of law and equity upon the facts."

The compensation to which the receiver and auditors were entitled, is definitely fixed by well-established rules, but as officers, or mere executive hands of a court in equity, it was their duty to protect and preserve the fund for the benefit of persons ultimately entitled to the estate, over which the court has found it necessary to extend its care; they were subject in all things to the direction and control of the court, and their compensation must be settled by the chancellor who appoints them, and has jurisdiction over the accounts.

The facts of this case are entirely different from those set out in Mann v. Wakefield, 11 Pa. Superior Ct. 18; and Krodel's Assigned Estate, No. 2, 27 Pa. Superior Ct. 421, and we do not feel that these authorities favor the contention of the appellant.

In the absence of any statutory regulation, auditors are entitled to a reasonable compensation for their services, Porter's Appeals, 30 Pa. 496, and, while it was deemed necessary by the legislature to fix a definite sum for auditors in certain cases, neither a receiver nor an auditor appointed to pass on an account is permitted in any case to charge an unreasonable or extortion-

ate fee, and in determining this, the court having review of the account, is, in the first instance, the proper tribunal to declare what is a proper charge, and unless there is clear error in that adjudication, it will not be disturbed on review.

After a careful examination of all the facts in the case, the judgment is affirmed.