## GUARDIAN LIFE INS. CO. v. ROSENBAUM et al.

(Circuit Court of Appeals, Third Circuit. April 18, 1922.)

No. 2846.

1. **Insurance ⬅⟹222—Rights of assignee of life policies held not to have lapsed.**
Where life policies were assigned to secure payment of notes, the assignee's right to amount of notes out of proceeds of policies was not barred by laches because of the long period which had elapsed since the notes were made, since, if notes had lapsed, all conditions to the return of the policy had also lapsed, so that assignor could not successfully demand payment of policies without first paying the moneys which the assignment was made to secure.

2. **Interpleader ⬅⟹35—In insurance company's suit, begun by bill of interpleader, prevailing defendant not entitled to costs or attorney's fees as against other defendant.**
In suit begun by insurance company's bill of interpleader, under Act Feb. 22, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 991a), the prevailing defendant will not be allowed costs and attorney's fees, where the fund was not created by the defendant claiming it.

Appeal from District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Bill of interpleader by the Guardian Life Insurance Company, a corporation chartered under the laws of the state of New York, against Oscar H. Rosenbaum and Martin Rosenbaum. From a decree for the last-named defendant, the first-named defendant appeals. Affirmed.

Oscar H. Rosenbaum, R. L. Crawford, and Van A. Barrickman, all of Pittsburgh, Pa., for appellant.

Geo. J. Campbell, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. Notwithstanding the very able argument made by the plaintiff in error, we find no warrant for convicting the court below of error. The opinion [1] quoted in the margin sets forth the facts

---

[1] Under the Act of Congress approved February 22, 1917 (39 Statutes at Large, p. 929 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 991a]), a suit in equity, begun by bill of interpleader was filed by the plaintiff against Oscar H. Rosenbaum and Martin Rosenbaum; the defendants each claiming the proceeds of certain life insurance policies. Said proceeds were paid to the clerk of this court. It appeared by the bill that the adverse claimants were residents of different states, and that one of them, namely, Oscar H. Rosen-

and so thoroughly vindicates itself that we adopt it as the views of this court.

baum, resided within the jurisdiction of this court. The bill was entertained, both claimants made answer, a decree was entered discharging the company from every liability on its policy, and defendants required to interplead between themselves on their respective claims to the fund.

Two policies of life insurance, amounting to $8,000, were issued on the life of one Leopold Rosenbaum, and made payable to his wife, or their children if she died before the insured. In 1907 and 1908 the insured made out and delivered three promissory notes payable one day after date, to Martin Rosenbaum, one of the claimants, for which he received from the insured's brother, Joseph Rosenbaum, $1,000 in 1907 and from Joseph Rosenbaum's estate at a later time $3,000. Joseph Rosenbaum resided in Nuernberg, Germany, and died in 1907 leaving by will one-fifth of his estate to the insured for life. Martin Rosenbaum acted as agent for testator during testator's life, and for his personal representative after his death, in the matters in question. The one-fifth of Joseph Rosenbaum's estate, according to the evidence, amounted to $8,106.20. On June 10, 1908, the insured, his wife, and Oscar H. Rosenbaum their only child, who was of legal age, assigned under seal these policies to Martin Rosenbaum to cover this $4,000 represented by the said promissory notes. Martin Rosenbaum then continued to pay quarterly, until the death of the insured, $51.33, which represents 5 per cent. interest on the one-fifth of the said Joseph Rosenbaum's estate. The insured's wife died before him, leaving her only child, the said Oscar H. Rosenbaum. Martin Rosenbaum now claims the sum of $4,000 as due him on the said notes, without interest, because the interest for which they called is set off by the interest due insured as income for life from his brother Joseph's estate. He also lays claim to a counsel fee and expenses connected with this litigation.

[1] The cross-petitions, answers, testimony, and exhibits are voluminous, and impliedly raise a number of questions as to payment, statute of limitations, fraud, and conspiracy, much of which is set up in the form of conclusions of law, and which cannot be considered by the court. Because of the long period which has elapsed since these notes, evidencing the $4,000, were made, which, standing alone might be held to indicate payment or laches, yet such claim cannot be successfully maintained. A sufficient answer to the contention is that, if the notes have lapsed, all conditions to the return of the policy would also have lapsed, thus apparently giving Martin Rosenbaum a right to the whole of the policies under the assignment. The assignment being valid and under seal, the assignor could not successfully demand payment of the policies without first paying the moneys which the assignment was made to secure.

[2] It is also true that neither payment nor the statute of limitation is set up in the pleadings. Fraud and deceit and conspiracy have been set up, but merely as conclusions of law. None of these have been established by the evidence. The court can find no ground for holding the defendant Martin Rosenbaum guilty of laches. He is therefore entitled to the $4,000 claimed, upon the delivery of the notes; but the court does not feel justified in allowing the counsel fees and expenses. The fund in no way was created by the defendant claiming it. Harrison's Estate, 221 Pa. 508, 70 Atl. 827.

An order will therefore be made, directing payment of $4,000 to the defendant Martin Rosenbaum, upon the surrender of the notes, and payment of the remaining $4,000 due to the defendant Oscar H. Rosenbaum, less $3,000 paid him under order of court since the hearing in this case, less, also, actual court costs, for which deduction shall be made by the clerk of this court.