## Smaltz's Trust Estate.

22

Argued December 9, 1937.   Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John C. Gilpin,* of *Gilfillan, Gilpin & Brehman,* for appellant.

*John Stokes Adams,* of *Adams, Childs, McKaig & Lukens,* with him *Francis F. Burch,* for appellees.

OPINION BY MR. JUSTICE LINN, January 3, 1938:

This appeal is from a decree refusing to give effect to an instrument intended to revoke a deed of trust.

After the death, intestate, of Samuel Smaltz, his widow and daughter, in 1903, executed a deed of trust, transferring the real and personal property left by him to the widow and another as trustees, to conserve and administer it as a unit for the benefit of both widow and daughter, the only interested parties. The deed provided for the payment of the income to the settlors for their respective lives, protected by spendthrift trusts, with other provisions stating their agreement concerning future interests in the trust property. We need not

now recite them nor consider their validity; it is necessary only to deal with the reserved right of revocation.

The settlors reserved the right jointly to revoke the deed and receive back the property "at any time after the expiration of ten years from" the date of the deed; and "If the said Ella S. Smaltz, widow, shall die before the expiration of ten years from the date hereof this Trust shall continue for the benefit of the said [daughter, now the petitioner] until said period of ten years shall have expired, and thereafter from year to year until she shall signify in writing her intention to terminate and revoke this Trust and the powers hereby granted, which said power of revocation is unto her hereby reserved. . . ."

In 1906 the settlors and the trustees executed another instrument which they called a "Deed of Trust 1906" reciting, that for various reasons, among them, the "better protection" of the present petitioner, they desired "to surrender and relinquish said right of revocation, so that said personal property, the accretions thereof, and all of said real estate together with such real estate as has been purchased by said Trustees since April second, 1903, shall continue and remain in Trust for the whole period of the joint lives of the said" widow and daughter, the settlors, and for the life of the daughter "if she shall be the survivor." This deed provided that the trust should remain on precisely the same terms as the trust of 1903 until the expiration of ten years from the date of that deed, and thereafter on other trusts, etc., not necessary now to be mentioned or dealt with.

Mrs. Smaltz, the widow, died September 16, 1918, leaving surviving her daughter, the other beneficiary, then married to Carroll L. Rumsey, now deceased. Until her death Mrs. Smaltz continued as a trustee. As Henry N. Smaltz, the other trustee, had also died, Mrs. Rumsey, on March 31, 1919, filed her petition setting forth the deeds of trust, etc., and the death of both trus-

tees, and praying for the appointment of trustees in succession to those who had died. Mrs. Rumsey and the Columbia Avenue Trust Company (since merged with Integrity Trust Co.) were appointed, and thereafter acted in that capacity.

We assume, from the present record, that the trust was duly administered until January 26, 1936, when Mrs. Rumsey, the surviving settlor, executed what she called a "Deed of Revocation 1936," as she claimed, pursuant to the powers of revocation originally reserved in the deed of 1903. The trustees then filed an account, called "First Account by Trustees under Deeds of Trust, dated April 2, 1903, and March 24, 1906." Mrs. Rumsey presented her petition for distribution and raised the following point as stated in her petition: "A question which requires adjudication involves the termination of the Trust by Mrs. Rumsey under the Deed of cancellation dated January 29, 1936 purporting to exercise the power of cancellation reserved under said Deed of 1903 in that the alleged release of said power of cancellation by the Deed of 1906 was an engagement, alienation or anticipation prohibited by the Deed of 1903."

An answer was filed by certain parties describing themselves as "certain remaindermen." But little need be said in support of the decree of the learned court below refusing the prayer of the petition.

The deed of 1903 contained an express reservation of the rights of both settlors jointly to revoke at any time after the expiration of ten years, and provided that, after such period, if Mrs. Smaltz died, her daughter might revoke. All the terms of the deed were necessarily subject to this right of revocation including, of course, the spendthrift trust provision quoted in the petition. In the circumstances, the fact that the two parties who possessed this right, purported to exercise it in 1906, instead of after ten years, loses any significance

it might have had prior to the expiration of the ten-year period. As both settlors lived beyond the ten-year period, they might thereafter have revoked pursuant to the terms of the 1903 deed and created the same provisions contained in the 1906 deed; no one has been injured by the premature revocation, if it be so regarded.

From 1906 until 1936 when cancellation was attempted, the trusts were administered; until 1913 in accord with the provisions of the 1903 deed and after 1913 in accord with the 1906 deed, and, during a large part of that period, appellant was one of the trustees. As no interest had vested in any one under the deed of 1903 except in the settlors, their action subsequent to 1913, under the deed of 1903, as modified by the deed of 1906, may be considered as a manifestation of their intention * that the provisions of the deed of 1906 should be operative: see Restatement, Trusts, Section 26, Comment k.

Decree affirmed, costs to be paid out of principal.

---

* In appellee's brief "ratification" is said to be evidenced by "(a) joining in 1919 in a petition presented by her present counsel for the appointment of a substituted trustee under the Deed of 1906 reciting in paragraphs 1 to 3 thereof the effectiveness of the Deed of 1906 and reciting in paragraph 4 thereof the provisions of the 1906 deed for selection of substituted and successor trustees, and herself accepted appointment and served as one of those successor trustees notwithstanding the fact that, if she considered the Deed of 1903 to be in force, she had available under paragraph 10 thereof an absolute right to select a successor trustee without resort to a formal petition or consent of any court; and (b) joining in her capacity as substituted and successor trustee, with her cotrustee, both having been appointed by the court under the aforesaid petition, in the execution and delivery of deeds to bona fide purchasers of parts of the trust res, reciting therein their authority to convey under the deed of 1906; and (c) joining in 1935 in a petition for leave to expend principal of the trust fund created in 1906 reciting therein the effectiveness of the 1906 deed."