## Smaltz' Trust Estate.

Argued October 2, 1940.

464

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John C. Gilpin, of Gilfillan, Gilpin and Brehman, with him M. Wolf and L. J. Goffman, for appellants.*

*George O. Philips, for appellee.*

OPINION BY KELLER, P. J., December 18, 1940:

These appeals are from a decree of the court of common pleas, ordering the payment of a counsel fee out of the principal of a trust fund created under deeds dated April 2, 1903 and March 24, 1906, to counsel representing a minority interest of those entitled to the trust fund in remainder.

The services for which the counsel fee was awarded were rendered in connection with litigation involving the trust fund, which culminated in the case reported as *Smaltz' Trust Estate,* 329 Pa. 21, 195 A. 880. The trustees holding the fund were the surviving settlor, Ella Sargent Smaltz Rumsey, and the Integrity Trust Company, the former being entitled to the entire income therefrom during her lifetime.

On January 29, 1936, Mrs. Rumsey executed a deed purporting to cancel the trust, in exercise of the power to revoke or cancel same reserved under the deed of April 2, 1903. On April 1, 1936 the trustees filed their first

account. The petition for adjudication of the account and of the balance of principal and interest shown therein, set forth that the account was filed because of the execution and delivery by Mrs. Rumsey of the said deed purporting to revoke the trust; and that the question which required adjudication by the court was whether the deed of January 29, 1936 was effective as a cancellation; it being the contention of Mrs. Rumsey that the alleged release of the power of cancellation contained in the deed of March 24, 1906 constituted an "engagement, alienation or anticipation" prohibited by the deed of April 2, 1903 creating the trust.

The prayer of the petition was that the account be confirmed, the income awarded to Mrs. Rumsey and "that the principal be awarded to the person the court decides is entitled thereto". Ten "remaindermen" having an interest in the continued existence of the trust were notified by attorneys for the trustees of the filing of the account and the petition.

Francis F. Burch (the petitioner in the present proceeding) entered his appearance for six of the "remaindermen", having a collective interest of less than one half. It appears from the petition and answers, the depositions taken in the present proceeding and the docket entries therein, that petitioner prepared an answer to the trustees' petition for distribution; prepared briefs and made oral argument to the court in opposition to the termination of the trust. The attorney for the trustees also filed a brief opposing the termination of the trust. The court filed an opinion refusing to terminate the trust and distribute the principal, to which the trustees filed exceptions—not to the ruling that the trust could not be revoked, but to the failure of the court to award the corpus to the trustees. Mrs. Rumsey, *on her individual account and by her own attorney,* filed exceptions to the failure of the court to terminate the trust and award the corpus to her individually. The petitioner herein prepared and filed

a brief opposing the exceptions filed by Mrs. Rumsey *but not those filed by the trustees.* Mrs. Rumsey's exceptions were dismissed, the trustees' exceptions were sustained and the corpus was awarded to the trustees. Petitioner unsuccessfully opposed a rule concerning the advancement of costs on appeal; and in the appeal to the Supreme Court, he prepared the paper books—the attorney for the trustees appearing also on the book—and made the oral argument for appellees, following which, the Supreme Court affirmed the decree, but ordered the "costs to be paid out of principal". See *Smaltz' Trust Estate,* 329 Pa. 21, 195 A. 880. He then filed a petition praying for the payment to him, from the principal of the trust fund, of the sum of $2000 for his services as counsel. To the rule to show cause granted, answers were filed and argument was had. The court below made the rule absolute and ordered that payment of a counsel fee of $2000 should be made to the petitioner from the principal of the trust fund. Mrs. Rumsey, individually, (No. 7) and the trustees (No. 8) appealed.

The petitioner has undoubtedly rendered valuable services and should be paid, but he has not shown that his fee should be paid from the trust fund. A trustee is not a mere stakeholder. Upon him is imposed the duty of defending the trust and preserving its assets (Scott: Trusts Vol. 2, sec. 178, p. 941; 65 C. J., Trusts, sec. 561, pp. 694, 695) and *he* has the right to defend it by counsel, whose fee is a proper charge against the trust: Scott: Trusts, Vol. 2, sec. 188.4, p. 1005 and sec. 244, p. 1406; *Appeal of Manderson,* 113 Pa. 631, 6 A. 893. The trustees here did have counsel who took an active part in defending against Mrs. Rumsey's attempt to terminate the trust, while Mrs. Rumsey, individually, was represented by separate counsel. The fact that the trustees' counsel saw no need to prepare a separate brief and make an additional *oral* argument before the Supreme Court, while it may show confidence

in petitioner, does not show dereliction of duty by the trustees; nor is any alleged by petitioner or found by the court below.

. If an attorney's services to his client *create* a fund for the benefit of others, he is often allowed a counsel fee out of the fund, as in *Schwartz v. Oil Co. Marvin's Appeal*, 164 Pa. 415, 30 A. 297; *Miller v. Myers*, 300 Pa. 192, 150 A. 588; *Harris's Appeal. Jacoby's Appeal*, 323 Pa. 124, 186 A. 92. Or if the trustee is guilty of neglect or misconduct and action by one of a class is necessary to protect the interests of the class, the latter's attorney is entitled to a fee from the fund: *Kennedy's Estate*, 141 Pa. 479, 21 A. 671; *Weed's Estate. McGinnis's Appeal*, 163 Pa. 595, 30 A. 272; *Mann v. Wakefield*, 11 Pa. Superior Ct. 18. This is what is ordinarily meant by "preserving a fund" as the phrase is used in the cases. See *Trustees v. Greenough*, 105 U. S. 527, 530, 532, 533. On the other hand, where the efforts of the attorney seeking compensation from the fund parallel and incidentally supplement the actions of the trustee or his attorney, and no special need for them is shown, they cannot be compensated for out of the fund: *Com. v. City Trust, Etc. Co.*, 38 Pa. Superior Ct. 536, 539; *Com. v. Order of Solon*, 193 Pa. 240, 244, 44 A. 327; *Harrison's Estate*, 221 Pa. 508, 510, 70 A. 827; *Peoples-Pittsburgh Trust Co. v. Pittsburgh United Corp.*, 334 Pa. 107, 112, 5 A. 2d 890. For the similar rule in regard to fees of counsel in a stockholder's bill, see *Evans v. Diamond Alkali Co.*, 315 Pa. 335, 340, 172 A. 678.

Many pertinent passages could be cited from these cases but it will suffice to quote the language of Mr. Justice LINN in his discussion of cases on the point in *Peoples-Pittsburgh Trust Co. v. Pittsburgh United Corp.*, supra, at page 112: "The general rule is that a trust estate must bear the expense of its administration and the cases show that when a claim for counsel fees is made it must appear that the services for which fees

468

are claimed were necessary; incidental benefit to *cestuis* is insufficient."

All that the petitioner in the present case has shown is that he performed services for his clients, who were interested in opposing the revocation and termination of the trust, and that his services likewise benefited the remaindermen whom he did not represent, and paralleled those of the attorney for the trustees,[1] who were defending the trust against attack. He may have done more work than the latter, but it was not done at the request of the trustees, nor can he say on this record that but for his efforts the fund would have been improperly handled by the trustees or by the court to which they were responsible. It can be said here as was said in *Harrison's Estate,* supra, at page 510: "We are unable in any way to distinguish the present case in principle from that just cited. [*Com. v. Order of Solon,* supra]. The fund was in the hands of the court, and in no jeopardy except from possible mistake of the court in dealing with it; and in that event nothing more was required for the correction of the error than the filing and argument of proper exceptions in the court below, and, if necessary, following the matter to the appellate court. There is no evidence that anything out of the ordinary routine of legal procedure was re-

---

[1] The attorney for the trustees also filed a brief contra Mrs. Rumsey's claim; filed and argued exceptions to the adjudication, which exceptions were sustained, and opposed the exceptions filed by Mrs. Rumsey, which exceptions were dismissed. Up to this point, the efforts of the two attorneys were entirely similar. The attorney for the trustees did, however, content himself with approving the brief for argument in the Supreme Court, submitted to him by petitioner, and allowed petitioner to make the only oral argument in that court. This does not show neglect on his part, especially in view of the Supreme Court's statement in *Smaltz's Trust Estate,* supra, p. 24: "An answer was filed by certain parties describing themselves as 'certain remaindermen'. But little need be said in support of the decree of the learned court below refusing the prayer of the petition [of Mrs. Rumsey]."

quired. The appellant was protecting her own interest, and although it may be that by means of her efforts others were benefited also, yet we know of no rule of law which will entitle her to be reimbursed for payment of counsel fees expended by her in order to protect her own interest. The services she rendered to the common interest were voluntary, and however beneficial they may have been, no legal charge for them can be sustained, in the absence of a contract of employment, either expressly made or superimposed as a matter of law or equity upon the facts."

Petitioner relies greatly on the statement of the court below that his services were necessary, but that court also said (36a) : "It might be true that the trustee would have assumed the burden of a spirited defense [if petitioner had not done so]," and also said (33a, 34a) : "No dereliction of duty is to be charged against the trustee . . . . . ." To say that the trustee did not neglect his duty but that petitioner's services were necessary seems to be inconsistent. It was prudent for the "remaindermen" to retain counsel to protect their own interests in the face of Mrs. Rumsey's efforts to have the legal point decided in her favor, but it is for them to pay him.

It is interesting to note that in only one of the Pennsylvania cases cited in support of the allowance to petitioner in this case, either by petitioner or the court below, were counsel fees awarded out of the fund. This is *Harris's Appeal. Jacoby's Appeal,* supra; but in that case a fund was *created* by the attorney who represented the mortgagor of property in condemnation proceedings. It was held that the mortgagee who had done nothing to protect its interests must take the fund created, less the fee of the attorney, since, inter alia, its interests were identical with the mortgagor's in the proceeding.

The effect of the decree appealed from, if not reversed, would be, that not only the other remaindermen, who apparently relied on the attorney for the *trustees* to protect their interests in the fund, will be charged

with the major portion of appellee's fee, but also that Mrs. Rumsey, a *settlor and sole life beneficiary* of this fund, who had a right to a judicial determination of the legal effect of the deeds of March 24, 1906 and January 29, 1936, will not only have to pay her own counsel, but will also lose all income, during the rest of her life, on the $2000 fee awarded to the attorney who joined with the attorney for the trustees in contesting her position.

The decided cases in this jurisdiction do not support the appellee's claim. See, in addition to the foregoing citations, *Hempstead v. Meadville Theological School,* 286 Pa. 493, 134 A. 103; *Winton's App.,* 87 Pa. 77; *Com. v. Meyer,* 170 Pa. 380, 384, 32 A. 1044; *Trasoff's App.,* 138 Pa. Superior Ct. 165, 9 A. 2d 922; *Hackett v. Hackett,* 104 Pa. Superior Ct. 353, 159 A. 226.

The assignments of error are sustained and the decree awarding appellee a counsel fee in the sum of $2000 out of the principal of the trust fund is reversed. Costs to be paid out of the principal of the fund.