## AMERICAN WATER WORKS & ELECTRIC CO., Inc., et al. v. ALLEGHENY TRUST CO. et al.

### No. 3262.

District Court, W. D. Pennsylvania.

Jan. 8, 1941.

104

Edward O. Tabor, of Pittsburgh, Pa., and Sullivan & Cromwell, of New York City, for plaintiff.

Reed, Smith, Shaw & McClay, John J. Heard, and John C. Bane, Jr., all of Pittsburgh, Pa., for Allegheny Trust Co.

R. T. M. McCready and Harry S. Dunmire, both of Pittsburgh, Pa., Rogers & Towers, and William H. Rogers, all of Jacksonville, Fla., for defendants Florida Nat. Bank of Jacksonville and others.

McVICAR, District Judge.

George W. Pusey died August 31, 1933. He left two wills: One dated June 12, 1929, in which the Allegheny Trust Company is the surviving executor thereof, which was duly probated in Allegheny County, Pennsylvania. The other will dated August 22, 1933, was probated in the State of Florida. In this will he named the Florida National Bank of Jacksonville and Roland T. White as executors.

At the time of his death, Pusey was the owner of stock in the American Water Works and Electric Company, Inc., The West Penn Electric Company and · the South Penn Water Company. Dividends were accruing on said stock. The Pennsylvania executor claimed said stock and dividends under the will probated in Pennsylvania; the Florida executors claimed the same under the will probated in Florida. The three companies named filed a bill of interpleader in this court and prayed therein that the Pennsylvania executor and the Florida executors be required to interplead to determine the ownership of the stock and the dividends accruing thereon. This court made an order in accordance with said prayer, and directed therein, that an issue be framed, wherein the Pennsylvania executor would be plaintiff and the Florida executors, defendants, to determine the ownership of the stock and dividends, aforesaid. An issue was duly framed under said decree and came on for hearing. This court, on October 28, 1940, filed findings of fact, conclusions of law and an opinion. 43 F.Supp. 99. In the conclusions of law it was found that judgment should be entered for the Pennsylvania executor; that it was entitled to the stock and dividends in issue; that the decree of the Orphans' Court of Allegheny County, Pennsylvania, affirmed by the Supreme Court of Pennsylvania (certiorari refused by the Supreme Court of the United States) is res judicata, that Pusey was domiciled in Allegheny County, Pennsylvania, at the time of his death, that the decision of the Probate Court in Florida, admitting the 1933 will to probate, was not res judicata, that Pusey, at the time of making the Florida will, lacked testamentary capacity, that said will was procured by undue influence, that the Pennsylvania will was properly admitted to probate and that the Allegheny Trust Company is the executor of Pusey's estate.

This action is now before us on an application of the Florida executors for allowance of costs and expenses and attorney's fees in the aforesaid interpleader proceedings and the issue between the Pennsylvania executor and the Florida executors. The Pennsylvania executor has filed an answer denying that the fund in this court is liable for such costs, expenses and fees. In the application of the Florida executors, it is set forth that the estate of Pusey, which came into their possession, was of a value not in excess of $10,500; that this amount has been duly disbursed by expenses in the will contests; that there remains in the hands of the Florida execu-

tors less than $2,000 and that there are pending, claims against said estate of $1,300.

The Interpleader Act of January 20, 1936, 28 U.S.C.A. § 41, Sub. (26), under which the interpleader proceeding in this case was instituted, provides that "said court shall hear and determine the cause * * * and enter all such other orders and decrees as may be necessary or convenient to carry out and enforce the same." This act does not contain any provision in regard to costs, expenses and fees, nor have we been pointed to any other statute which provides for such payments. Counsel admitted at the hearing that there was no reported case allowing such payments under the aforesaid act, where the party was acting in a trust capacity. There are cases which hold that the attorneys for the party filing a bill of interpleader may be allowed for costs and expenses in a proper case. If the claimants of the stock and dividends involved in this case were individuals, each claiming in his own right, I think it is fair to assume that neither the successful claimant nor the unsuccessful claimant would be entitled to such costs, expenses and fees.

In Guardian Life Ins. Co. v. Rosenbaum, 3 Cir., 280 F. 861, 862, an interpleader proceeding was held under the aforesaid act, wherein a child and an uncle claimed the life insurance money involved. The uncle also claimed counsel fees and expenses connected with the litigation. The court held that this could not be recovered, saying: "The fund in no way was created by the defendant claiming it. [In re] Harrison's Estate, 221 Pa. 508, 70 A. 827."

In Hobbs v. McLean, 117 U.S. 567, 6 S.Ct. 870, 877, 29 L.Ed. 940, it is stated: "When many persons have a common interest in a trust property or fund, and one of them, for the benefit of all and at his own cost and expense, brings a suit for its preservation or administration, the court of equity in which the suit is brought will order that the plaintiff be reimbursed his outlay from the property of the trust, or by proportional contribution from those who accept the benefits of his efforts. See Trustees v. Greenough, 105 U.S. 527 [26 L.Ed. 1157], where the subject is discussed by Mr. Justice Bradley, and the cases cited; and Central Railroad Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387 [28 L.Ed. 915]. But where one brings adversary proceedings to take the possession of trust proper-

ty from those entitled to it, in order that he may distribute it to those who claim adversely, and fails in his purpose, it has never been held, in any case brought to our notice, that such person had any right to demand reimbursement of his expenses out of the trust fund, or contribution from those whose property he sought to misappropriate."

In Hempstead et al. v. Meadville Theological School, 1926, 286 Pa. 493, 134 A. 103, 49 A.L.R. 1145, the Supreme Court said:

"As a general rule, in Pennsylvania each party to adversary litigation is required to pay his own counsel fees. As stated by Gibson, J., in Alexander v. Herr's Ex'rs, 11 Pa. 537, 'If clients could pay attorney's fees out of the pockets of their opponents, they would pay most liberally.' * * *

"There are well-recognized exceptions to this rule. Where the services protect a common fund for administration or distribution under the direction of the court, or where such fund has been raised for like purpose, it is liable for costs and expenses, including counsel fees incurred."

The fund in this action was in no way created by the Florida executors. They instituted and conducted adverse proceedings to take possession of the property of those entitled thereto, that they might distribute it to those who claimed adversely. They failed in their purpose. They persisted in their claims after the adverse decision against them (in which they were active parties) by the Orphans' Court of Allegheny County, Pennsylvania, and the Supreme Court of Pennsylvania. They also endeavored to have a review of the decision of the latter court by the Supreme Court of the United States, but certiorari was refused. This persistence necessitated the filing of the bill of interpleader in this case and the litigation, together with costs, expenses and fees subsequently incurred. Such an allowance would not be made if the claim was made by an individual in his own right. It should not be allowed to executors under the facts of this case. This conclusion is strengthened by the fact that there is no evidence that the claim of the Florida executors, or the incurring of costs, expenses and fees in the interpleader proceedings were ever presented to, or approved by, the Probate Court in Florida.

Let an order for judgment be prepared in accordance with the foregoing opinion.