## Wescott Estate.  No. 2

*J. Frank Connolly* and *Bernard J. Brown*, for petitioners.

*J. Desmond Kennedy* and *Joseph P. Brennan*, for remaindermen.

*N. H. Cowdrey*, for trustee.

BRADY, P. J., May 4, 1950.—On November 2, 1949, the Scranton Lackawanna Trust Company, trustee named in the will of J. F. Wescott, deceased, was awarded the amount of $2,600 by the adjudication of this court on the audit and distribution of the estate of decedent. This amount was found to be proper under the provisions and direction of testator as expressed in item 3 of his will, establishing a trust fund for the education of testator's grandson, James McKinley: Wescott Estate, 70 D. & C. 195.

Subsequently, on January 25, 1950, attorneys J. Frank Connolly and Bernard J. Brown, joined in the prayer of their petition by James McKinley, the beneficiary, were granted a rule on the Scranton Lackawanna Trust Company, trustee, to show cause why, as trustee, it should not be ordered and directed to pay the sum of $500 out of the trust fund to petitioners for legal services rendered in the establishment of the trust.

To the petition answers were filed, not only by the trustee, but also by the other parties in interest, Grace McKinley and Pearl Greene, mother and aunt of James McKinley, as contingent remaindermen.

At the hearing on the rule testimony was taken and the entire record of administration, account, audit and adjudication in the estate of J. F. Wescott, deceased, was introduced. From the averments of the petition, admissions of the answers and evidence introduced, the following admissions and facts are found:

It appears that at the hearing on the audit of the estate of J. F. Wescott, deceased, held May 20, 1949, the balance shown in the account of the executrices,

Grace McKinley and Pearl Greene, before the court for audit and distribution amounted to $9,046.53. In the petition for distribution the executrices requested interpretation of the will and an adjudication as to whether or not the trust for the education of testator's grandson, James McKinley, should be established and, if so, the amount thereof. As to the proposed distribution, the executrices suggested that the trust fund should not be set up because the purpose of the trust had been accomplished and the balance for distribution should be awarded to themselves as residuary legatees.

The will in question had provided for a trust fund of $5,000 to be established for the education of the testator's grandson, James McKinley, subject to reduction to the extent of $1,200 for each year of education actually received by the beneficiary prior to the death of testator, and "in case the trust fund mentioned herein shall have been established after my death and my said grandson, James McKinley, shall have failed to pursue or ceased pursuing the said educational course, or should die, or if for any other reason the said James McKinley does not choose to avail himself of the said trust fund, then it is my will and that the same shall be disposed of in accordance with the residuary clause herein contained." Testator devised all of his residuary estate, including the trust fund, subject to the conditions thereof, to his two daughters, share and share alike.

The contentions of residuary legatees and those of the beneficiary as, (1) to the intent and meaning in the will of the term "college or higher education", and as to (2) whether or not the purpose of the trust had been accomplished prior to the death of testator, and (3) if not, then the amount to be awarded for education, were diametrically opposite and presented and argued with learned ability by contenders' respective counsel. Taking exceptions to the decree nisi handed

down, their respective counsel submitted extensive and well prepared briefs in support of their exceptions taken.

In the aforementioned proceedings it is presumed that Grace McKinley and Pearl McKinley, as executrices, acted as stakeholders, but in their status as residuary legatees they were adversely interested in the claim of James McKinley and were adverse to the interest of the testamentary trustee, the Scranton Lackawanna Trust Company, and were represented by the same counsel who represented them as executrices. The rights of the beneficiary of the trust were demanded and protected by his personal attorneys, J. Frank Connolly and Bernard J. Brown, petitioners herein, since the testamentary trustee was but formally represented by counsel.

The averments of petitioners herein, which are admitted in the answers on the rule, are pertinent. Petitioners averred:

"3. That your petitioners successfully contested the actions of the said executrices, and after hearings before Your Honorable Court, it was decreed by this Court on November 2, 1949 that the executrices should pay over to the Scranton Lackawanna Trust Company, trustee under Item Third of the Will of the decedent, the sum of $2600.00 to establish the trust as per terms of the will of said decedent."

The trustee answered:

"3. That it admits that J. Frank Connolly and Bernard J. Brown represented the said James McKinley in demanding the setting aside of the above recited fund and for the purposes as aforesaid at the hearings on the adjudication of the said estate."

The contingent remaindermen answered:

"3. Admitted. The Court did not agree with James McKinley that a trust fund of Five Thousand ($5,-000.00) Dollars should be set up but on the contrary

reduced the amount of the trust fund by Twenty-four Hundred ($2,400.00) Dollars ordering a fund of only Twenty-six Hundred ($2,600.00) Dollars to be established. This adverse proceeding by James McKinley was in his own interest solely and was of no benefit to Grace McKinley and Pearl Greene; but on the contrary James McKinley's action in his own interest adversely affected Grace McKinley and Pearl Greene."

Petitioners herein request an allowance of $500 out of the trust fund in payment of legal services. As to the reasonableness of such amount, from the testimony of petitioner, J. Frank Connolly, on the extent of such services rendered in behalf of the trust estate, supported by the opinion of three experienced members of the bar, it is found as a fact that $500 is a reasonable fee for the services rendered. This court is cognizant of the difficulties involved in the litigation as to the trust and is of the opinion that the amount requested is within the limits of propriety for the services rendered by petitioners. But it is also found by admission of petitioner, J. Frank Connolly, that the attorneys have already received $200 from James McKinley.

Upon the above facts and admissions of the testamentary trustee, the rule should be amended by reduction of the allowance to $300 and made absolute. The duty of the trustee is to demand and protect all rights and property interests of the trust estate and of the beneficiary thereto from adverse claims by third parties, and to defend and protect the same. The trustee may employ counsel to represent such interests, and the expense thereof is a proper allowance out of the corpus of the trust. In the instant matter, although petitioners were initially retained by the beneficiary, James McKinley, there were no averments that their services were parallel to those of counsel formally representing the trustee, nor that such services of petitioners to the trustee and in the interest of the trust

estate were disavowed by word, act or other conduct on the part of the trustee.

The services of petitioners were accepted by the trustee for the benefit of the beneficiary and protection of the trust, and under the circumstances the allowance of the counsel fees is proper. The allowance in the instant matter is for the services admitted by the trustee to be in behalf of the trust and did not parallel and incidentally supplement the action of the trustee or its attorney as in Smaltz' Trust Estate, 142 Pa. Superior Ct. 463.

And now, May 4, 1950, the rule for allowance of $500 for payment of counsel fees out of the trust fund is amended to the amount of $300, and, as amended, is made absolute.