## McHenry Trust

*John Miles Kish,* for claimant.
*George R. Craig,* for trustee ad litem.

BOYLE, *J.,* December 29, 1976—The question to be determined is whether counsel for one of the income beneficiaries of the trust are entitled to have their professional fees paid out of the trust estate for their services rendered in opposing the allowance of compensation out of trust principal to the estate of the deceased trustee, where the court had appointed a trustee ad litem who opposed the claim for compensation as excessive but who conceded that compensation in a proper amount should be paid. Counsel for the income beneficiary who opposed any allowance to the estate of the deceased trustee contend that their services resulted in reducing the claim from $250,000 to $175,000, the amount awarded by the court.

The trustee ad litem filed a complete report in which, inter alia, he suggested to the court that a reasonable interpretation of the trust instrument did not preclude the allowance to the estate of the deceased trustee of a fair and reasonable compensation from the principal of the trust for the work performed by the trustee in administering and preserving the assets of the trust. The trustee ad litem contended, however, that the requested allowance of $250,000 was excessive.

Counsel for John DuPuy, the objecting income beneficiary, opposed the allowance of *any* compensation out of the principal on the ground that the language of the trust instrument barred such an allowance, and further that the claimant had failed to present any evidence upon which compensation in *any* amount could be allowed out of the principal of the trust.

After hearing, the auditing judge allowed compensation out of principal to the estate of the deceased trustee in the sum of $175,000. Exceptions were filed to that decree by John DuPuy, acting through his counsel. After argument before the court en banc, the exceptions were dismissed. An appeal was taken by John DuPuy to the Supreme Court of Pennsylvania. In its opinion, affirming the decree of this court, In re Account of Reed, 467 Pa. 371, 377, 357 A.2d 138 (1976), the Supreme Court held: "Just as in Kennedy Trust, there is no mention made in the will of Herbert DuPuy concerning compensation from principal upon the termination of the trust. Since the trust deed is silent, we will not presume that the settlor intended to preclude this form of compensation . . . Only compensation from income was 'expressly prescribed' by the provisions of the will, not compensation from principal."

The Supreme Court also noted that the amount of compensation allowed by the orphans' court was not in controversy.

The services of counsel for John DuPuy did not create a fund for the benefit of others, did not bring additional assets into the estate, and did not preserve or protect the assets of the trust from injury or dissipation by those charged with their safekeeping and proper administration. The decisions in Harrison's Est., 221 Pa. 508, 70 Atl. 827 (1908); Smaltz' Trust Est., 142 Pa. Superior Ct. 463, 17 A.2d 455 (1940); Commonwealth v. City Trust, Safe Deposit and Surety Co., 38 Pa. Superior Ct. 536, 538-41 (1909); Smith Trust, 21 Fiduc. Rep. 312 (1971), delineate the rule which governs claims for counsel fees in cases like the one at bar. These cases hold that a litigant in the

posture of John DuPuy is required to pay his own lawyer's fees and may not look to the trust estate for payment. In the case at bar, the facts attending the services of counsel for John DuPuy do not establish that these services conferred any benefit upon the trust estate. Accordingly, the counsel fees of the objecting beneficiary may not be paid out of the trust assets.

A decree will be entered in accordance with this opinion.